## JOHN L. BROWN v. CITY OF MINNEAPOLIS.[1]

February 23, 1917.

Nos. 20,116—(258).

**Facts.**

1. Plaintiff's child died from burns received somehow from a lantern placed by employees of defendant city to warn travelers at night of an excavation in the street. The lantern was set on a plank which in turn was placed on a pile of sand.

**Appeal and error — harmless error.**

2. Although error may have crept into a case tried by a jury, still if there is no reasonable probability of any other result on a new trial the verdict will be allowed to stand.

**Negligence—kerosene lantern near excavation—attraction to children.**

3. A common kerosene lantern is not such an attraction to children or such an inherent danger as to bring the case within the "turntable cases." There was no negligence in placing the lantern as it was placed in this case.

**Evidence of defect insufficient.**

4. The evidence that the lantern was defective is so contradicted by plaintiff's own witnesses that a finding to that effect could not be sustained.

---

Action in the district court for Hennepin county by the administrator of the estate of Jerald Brown, deceased, to recover $7,500 for the death of his intestate. The answer alleged that the death was caused solely by the negligence of plaintiff's intestate and of his parents in their

[1] Reported in 161 N. W. 503.

failure to exercise due care to see that their child played or went in a safe place, and not by reason of any negligence of defendant. The case was tried before Steele, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Robertson & Bonner,* for appellant.

*C. D. Gould,* City Attorney, and *W. G. Compton,* Assistant City Attorney, for respondent.

HALLAM, J.

1. In July, 1915, the city of Minneapolis was engaged in excavating for a water main along Elliott avenue in that city. The usual trench was excavated for that purpose about five feet deep with sheathing of timbers on the side. The earth and sand from the excavation were piled along the side and at the end. At one end of the ditch, on a pile of sand from 18 inches to two feet high, were set two planks, and on these the workmen when they quit at 4:30 p. m. placed an ordinary red light lantern calculated to serve as a warning at night. Mrs. Brown and her two-year old son passed near here going toward their home which was about a block distant. The child stopped near the house of a neighbor to play with another child. Mrs. Brown went home and began preparing the evening meal. A short time later, the child and the lantern were found in the bottom of the trench, the child's clothing and the lantern both in flames. A piece was broken out of the lantern chimney. The child suffered injuries from which he died.

No one saw the accident. It is clear that the child's clothing must have caught fire somehow from the lantern, but how, no one knows. Plaintiff claimed the city was negligent in leaving a red lantern where young children could reach it and overturn it, and claims further that the lantern had only a rag for a stopper and that this was negligence.

Defendant denied negligence and alleged contributory negligence on the part of the mother of the child. The jury found for defendant.

Plaintiff appeals and assigns as error certain instructions of the court on the subject of negligence, contributory negligence and damages.

2. Defendant's contention is that there was no error in the charge, but that, whether there was or not, the evidence is conclusive in favor

of defendant, and that this principle should be applied, namely, that although error may have crept into the case, if there is no reasonable probability of any other result on a new trial, the verdict should be allowed to stand. Magner v. Truesdale, 53 Minn. 436, 55 N. W. 607; Bank of Montreal v. Richter, 55 Minn. 362, 57 N. W. 61.

We think this principle is applicable and that the application of it renders unnecessary the consideration of the alleged errors in the charge.

3. Defendant was in duty bound to light these trenches with red lights at night. It set the lights in about the usual way. It cannot be said that it was negligence to set them when the men quit work instead of sending some one back at dark for that purpose. There were small children in this neighborhood, but in this respect it was no different from any other residence locality. The city could not be required to place or secure such lights so that children could not reach or disturb them. It is not easy to see how the city could do so and still have them serve their purpose.

A lantern is some attraction to a child and involves some danger, but we cannot regard a common lantern as being of such attraction or such an inherent danger as to bring the case within the rule of the class of cases known as "turntable cases."

We think there was no negligence on the part of defendant in placing this lantern upon the pile of sand at the end of the trench.

4. It is claimed, however, that the lantern had a defective stopper, so that when overturned the kerosene in it would flow out and that this is what must have happened. We think the evidence on this point is not such that a finding of this sort could be sustained. The only evidence of a defective stopper is that of a witness Carlson, who testified that he saw a policeman pull out a rag that was stuck in as a stopper, and that there was no cork or stopper other than a rag. But the plaintiff himself called the policeman as a witness, and while on the stand he testified that he did nothing of the sort but that, on the contrary, the hole was not open; that there was no rag; that there was a cork or something of the kind used as a stopper, and that he "couldn't take it out, because it was about level." The lantern was produced at the trial with a cork stopper in place as the policeman said, and there is evidence that it was produced as it was at the time of the accident.

In view of all the testimony in the case and particularly that of the policeman, plaintiff's own witness, it seems quite obvious that Mr. Carlson must have been mistaken when he thought he saw the policeman take out a rag stopper, as he was when he testified with equal positiveness that the globe on the lantern was not broken, which statement is contrary to the testimony of plaintiff's other witnesses.

Of course the theory of this witness was that the kerosene poured out of this unstopped opening and ignited. At the same time he testified that the alleged rag at the opening was still wet with kerosene after the fire. It is matter of common knowledge that if kerosene once ignites none is left after the fire is over.

While it cannot be said that the testimony of this witness is not some evidence that there was none but a rag stopper in this lantern, still it is so shattered by evidence of plaintiff's own witnesses and by physical facts that if a verdict had been predicated on it, the verdict could not have been allowed to stand. The order is affirmed.