SOMMER VILLE, J.
Plaintiff’s child, aged 4% years, was injured while playing in the road running by defendant’s property, which was not fenced. Defendant had caused saw-logs to be piled on his property, adjacent to the road, to be shipped on the nearby railroad to his sawmill, some two miles distant.
[1, 2] It was not negligence for defendant to have logs piled on his land, but the last log on top of the pile may have been carelessly placed. One of 'the two skid poles which had been used to roll the logs off the wagon onto the pile of logs was left under one end of the last log, and it protruded from the pile a short distance. It may have been improper, on the part of defendant’s servants, to have left the skid pole in that position. If this last log, in its full length, had been placed in the “pallet” made by the two under round logs lying side by side, the pile of logs would have been reasonably safe; but one of the skid poles having been left under one end of the log prevented it from lying snug in the “pallet” intended for it. But the danger from this skid pole and sawlog was not such an obvious one as to constitute negligence on defendant’s part not to have observed it and guarded against it.
It was by means of this skid pole that the log was dislodged and was caused to roll down into the road and injure plaintiff’s son.
It appears that Blanchard Peters, the 6 year old brother of the injured boy, was attracted to the pile of logs, climbed thereon, moved the skid pole, and caused the log to roll down upon his brother, Garland, aged 4% years.
There was judgment in favor of plaintiff, and defendant has appealed. Plaintiff has answered the ax>peal, and asked for an increase in the amount of the judgment.
[3] The child Blanchard may not have been a trespasser, yet the owner of the property was under no duty to him to keep his premises safe; and the fact tha?t the child was an infant cannot have the effect of creating a liability where none would have existed in the case of an adult under similar circumstances. Defendant owed the child no duty exceixt a negative one of not wantonly or maliciously injuring him.
[4J Plaintiff’s case rests upon the doctrine of responsibility of having on one’s own premises an object that is dangerous and attractive to children, which is an exception to the general rule that the property owner owes no duty to tresiiassers except to avoid injuring them willfully, and that he is not obliged to guard his premises against intrusion, even by irresponsible creatures. There is difficulty in saying whether any one case where a child has been accidentally injured while trespassing on a stranger’s premises is within the exception to the rule. The responsibility for having on one’s premises an obviously attractive object which is dangerous to children must be *905 confined to cases where the dangerous agency is so obviously tempting to children that the owner, is guilty of negligence for failing to observe and guard against the temptation and danger. In the case of Tomlinson v. V. S. & P. Railway Co., 143 La. 641, 79 South. 174, it was held that a pile of cross-ties, upon which a child was injured, was not such a dangerous and attractive an object as to hold the owner thereof responsible in damages to a child who had climbed thereon and was injured. In that case it was said:
“If a pile of cross-ties is so obviously inviting as a plaything for children that it is negligence, per se, for the owner of the premises not to observe and guard against the danger of such temptation, what should we say of any wood pile or lumber stack, a ladder, fruit tree, or any other object not less tempting to children, or less dangerous for them to climb or play upon, than is a pile of cross-ties?”
[5] And, for the reasons given in that case, a pile of sawlogs is not such a dangerous and attractive an object to children as to render the owner thereof liable in damages for injury to a child, or caused by a child, while playing thereon.
[6] There is danger in dealing with the question of liability for injury to children of confounding legal obligations with those sentiments which are independent of the law, and rest merely on grounds of feeling, or moral consideration. While more indignation is felt towards an injury done to children than to injuries done to others, the law has not usually given them civil remedies on any such basis. Neither does it usually, if ever, impose any duty on strangers toward them, resting entirely on the fact that they are children. Strangers are not liable to children for negligence in carrying on their business beyond what would be their liability to others, as well as children, who are equally free from blame. Hargreaves v. Deacon, 25 Mich. 1.
It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; and that there now be judgment in favor of defendant rejecting plaintiff’s demand and dismissing his suit, at his cos.ts in both courts.