No. 3374

Second Circuit

———

BUCHANAN v. C. R. I. & P. RY. CO. and
BURTON

———

(January 21, 1929.   Opinion and Decree.)

———

T. A. Carter, of Alexandria, attorney
for plaintiffs, appellants.

A. Leonard Allen, of Winnfield, attorney
for defendant, appellee, A. P. Burton.

Barksdale, Warren and McBride, of Rus-
ton, attorneys for defendant, appellee, Chi-
cago, Rock Island and Pacific Railway
Company.

## STATEMENT OF THE CASE

REYNOLDS, J.  The plaintiffs, Frederick
Buchanan and his wife, Mrs. Irma M.
Buchanan, sue the defendants, A. P. Bur-
ton and Chicago, Rock Island and Pacific
Railroad Company, to recover damages for
the death of their child, Verna Marion
Buchanan, aged between three and four
years, caused, it is alleged, by the negli-
gence of the defendants, or either of them.

Both defendants filed exceptions of no
cause and no right of action, which were
sustained by the trial court, and plain-
tiffs' demands were rejected and their suit
dismissed, and they have appealed.

## OPINION

The material allegations of the petition
are as follows:

"That A. P. Burton, . . . is a citizen
and   resident of Winn Parish, State of Louisi-
ana, and that the Chicago, Rock Island &
Pacific Railway .Company is a railway
corporation engaged in the business of a
common carrier  .  .  .  that in due course
of the Chicago, Rock Island & Pacific Rail-
way Company's business, under a contract
with one A. P. Burton, certain cross-ties
.  .  .  were placed upon the right of way
of the Chicago, Rock Island & Pacific Rail-
way  Company  .  .  . in  the  town  of
Winnfield, Winn parish, Louisiana . . .
That the ties were either the property of
the said A. P. Burton or  .  .  . of the
Chicago,  Rock  Island  &  Pacific  Railway

Company. That your petitioner is unable to ascertain whether the Chicago, Rock Island & Pacific Railway Company owned the ties or whether the said A. P. Burton owned the ties. Your petitioner shows that there was a trail or path used by the public in going to and from the ice house, which was located near the Chicago, Rock Island & Pacific Railway Company's tracks, and that it was the custom of families residing in certain sections of Winnfield to send for ice, and that these ties, either belonging to the Chicago, Rock Island & Pacific Railway Company or A. P. Burton, were stacked along side of this pathway which was used by the public. That the said ties were negligently stacked, and that they were stacked in such a manner that the least little jolt or jar would cause one or more of said ties to fall off said stack and do injury to passersby, and your petitioners show that the ties were stacked in this careless and reckless manner on September 4th, 1927, and that particularly one tie, which was a crooked tie, was just balancing on the edge of the other ties, and that the stack of ties was some five or six feet high, and this particular tie was on the top of the stack and next to the path used by people going after ice . . . that their little girl, Verna Marion Buchanan, aged three years, four months and three days, was playing with some other children in the yard when the mother of her little playmates instructed the children to go after ice. That your petitioners' little girl . . . not knowing the danger in the lurking ties, passed by and placed her hand upon said tie, or either attempted to pull up on said stack of ties, and the slight pressure of her little fingers on the improperly stacked ties, which were stacked in such a manner as to be nothing more than a trap, fell off of the pile of ties on your petitioners' little girl, Verna Marion Buchanan, mashing the life out of her . . ."

And they prayed judgment against both defendants, individually and in solido, in the sum of $25,000.00.

Considering all of the allegations of the petition it appears that cross-ties were stacked by their owner on the right of way of the Chicago, Rock Island & Pacific Railway Company for the use of, or to be transported by that carrier. The right of way was the property of the Chicago, Rock Island & Pacific Railway Company, and neither defendant owed any duty to plaintiffs' child, who was a trespasser or licensee, other than not to wantonly injure her. .

In our opinion, the judgment sustaining the exceptions of no cause and no right of action as to both defendants is correct, and accordingly it is affirmed.