LUTCHER & MOORE CYPRESS CO., LTD., v. SCHEXNAYDRE

(June 10, 1929. Opinion and Decree.)

Henry L. Himel and H. Lemann, of New Orleans, attorneys for plaintiff, appellant.

P. E. Edrington, Jr., of New Orleans, attorney for defendant, appellee.

JANVIER, J. Plaintiff brought suit to enjoin defendant from further trespassing upon certain property owned by plaintiff, and for $500.00 damages alleged to have been caused by the acts of trespass already committed.

Defendant, on a plea of minority, obtained a dissolution of the injunction preliminarily issued.

He now claims as damages attorney's fees, which he has been called upon to expend in obtaining the dissolution of the injunction.

It is not disputed that defendant is a minor and defendant contends that, being a minor, this action cannot be maintained against him.

We find ourselves unable to concur in the view that, since defendant is a minor, an action of this kind cannot be maintained against him, and we are of opinion that, had plaintiff adopted the method of procedure outlined in our laws, he would have had no difficulty, so far as the minority of the defendant is concerned, in maintaining this action. In view, however, of the admission in oral argument and the implied admission contained in defendant's brief, and in view of the fact that plaintiff, on learning of defendant's minority, took no action looking to his proper representation, we are forced to the conclusion that the action of the trial judge in dissolving the injunction was correct.

That a minor is responsible for the obligations resulting from his torts, cannot be seriously disputed. Article 1874 of our Civil Code provides: "He (the minor) is not relievable against obligations resulting from offenses or quasi-offenses." Article 2227 of the Civil Code states: "He is not restituable against the obligations resulting from his offenses or quasi-offenses." Article 1785 of the Civil Code, among other things, provides: "The obligation arising from an offense or quasi-offense is also binding on the minor."

If, then, the minor is responsible for the results of his offenses and quasi-offenses, he can be sued therefor. The trouble here was not the minority of the defendant, but the failure of plaintiff, upon discovering the minority, to comply with the requirements of Articles 115 and 116 of the Code of Practice. Article 115 reads as follows: "Actions against interdicted persons or minors must be brought directly against

the tutor of the minor or the curator of the interdicted person." The first paragraph of Article 116 states: "If the minor against whom one intends to institute a suit has no tutor, the plaintiff must demand that an attorney at law be appointed to defend the suit."

The failure of plaintiff to comply with these articles was responsible for the dissolution of the injunction.

Since the injunction was dissolved on motion and not as a result of a trial on the merits, reasonable attorney's fees are allowable as damages. Globe Realty Co., Ltd., vs. Mrs. Carolina Vix, 3 Orl. App. 270 (on rehearing).

But, argues counsel for plaintiff, conceding that attorney's fees are allowable in a case such as this, a minor cannot stand in judgment, even for the purpose of recovering those attorney's fees.

Since the minor may be held for the result of his trespass, it is manifest that the services of an attorney to defend him are necessary, and under Article 1785, Civil Code, he may contract for necessaries if his tutor neglects or fails to supply them. It is apparent here that an attorney to defend the minor has not been furnished by his parent or tutor. It therefore appears to us that the minor is entitled to recover reasonable attorney's fees. One hundred dollars is asked for. Seventy-five dollars was allowed by the trial court. This seems to us rather large for the services rendered, but, in view of the fact that the services were performed under the eye of the trial judge, we deem it advisable to accept as correct his estimate of the value of the services, particularly in view of the fact that plaintiff itself, in its petition, fixed the value of the services of its own attorney at two hundred fifty dollars.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed, at the cost of appellant.