No. 534

First Circuit

BAGESSE v. THISTLEWAITE LUMBER CO., LTD.

(December 30, 1929. Opinion and Decree.)

Modisette & Adams, of Shreveport, attorneys for plaintiff, appellant.

Gilbert L. Dupre, of Opelousas, L. Austin Fontenot, of Opelousas, Beard & O'Keefe, of New Orleans, attorneys for defendant, appellee.

MOUTON, J. Joseph Bagesse, Jr., an employee of defendant company, was injured on October 23, 1928, while in its service, and, from the effects of the injuries so received, died five days thereafter, on October 28, 1928.

His surviving mother, Mrs. Josephine Bagesse, sues defendant company in her individual capacity in damages for $30,300 on different items alleged in her petition, and, in the alternative, for compensation under the Employers' Liability Act.

Her claim for damages was dismissed on an exception of no cause of action, with reservation made allowing her to continue the suit on her alternative demand. She appeals.

We will not attempt to make an analysis of the various allegations of plaintiff's petition, to show the real gravamen of the demand, which appears in articles 32 and 33 of the petition, wherein it is alleged that defendant company had, in violation of the statutes of this state enacted in the interest of public policy, and particularly of Act No. 301 of 1908, employed the deceased, Joseph Bagesse, Jr., then a minor of tender years, about 14, in a hazardous occupation, averred to have been the cause of the accident which resulted in his death. It is for the violation of these statutes, particularly of Act No. 301 of 1908, that the mother of the deceased is asking indemnification by way of damages.

In the case of Alexander vs. Standard Oil Company of Louisiana, 140 La. 54, 72 So. 806, 811, plaintiff, a widow, brought suit against the company, claiming damages individually, and also for a larger sum for the benefit of her minor son, for injuries he had suffered in an accident. The court, in that case, rejected the demand of the widow, Mrs. Alexander, and gave her judgment for her minor son in her capacity of natural tutrix. In that case the court held that the employing of the boy in dangerous work was a violation of Act No. 301 of 1908, the Child Labor Law; that its terms were absolute, and condemned defendant to pay damages for the benefit of the minor. It, however, rejected the demand for damages claimed by widow Alexander, his mother.

In passing on the provisions of the statute, the court used the following language:

"The duty imposed by said statute upon the defendant not to employ a child in a dangerous occupation is thus imposed for the protection of the child and in his interest and that of society in general, not in the interest of the parent of the child. The defendant owed no duty therefore to the mother of the child, and has been

guilty of no fault toward her which could serve as a basis on her part for a claim of damages."

Likewise, in this case, the defendant incurred no obligation towards plaintiff, in whose favor there exists no ground for her demand in damages. As she has no basis for such a claim, it follows that she had no cause of action, which authorized the judgment dismissing her demand under the exception filed, with due reservation permitting the continuation of her suit for compensation.