## NEHRBASS et ux. v. HOME INDEMNITY CO.

### No. 356 Civil.

District Court, W. D. Louisiana, Opelousas Division.

Feb. 19, 1941.

John W. Lewis, of Opelousas, La., for plaintiffs.

Gist & Thornton, of Alexandria, La., for defendant.

PORTERIE, District Judge.

This case is unique, bold, and baffling.

We must set out verbatim the main allegations of the petition; a condensed narrative will not suffice.

"V. That defendant had issued, and the same was in full force and effect at the time hereinafter mentioned, to Dr. Loy Olivier, a resident of the Parish of Lafayette, State of Louisiana, its 'Combination Automobile Policy,' No. C2322-62, the exact provisions and details of which are not known to plaintiffs, but which contain clauses guaranteeing and indemnifying said Olivier, its insured, against public liability, and particularly contained the following clause: 'To pay on behalf of the Assured all sums which the Assured shall become obligated to pay by reason of the liability imposed upon him by law for damages, including damages for care and loss of services, because of bodily injury, including death at any time resulting therefrom sustained, by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile.'

"The limits of said policy being Ten Thousand Dollars ($10,000.00) for injuries to or death of one person, and a total public liability of Twenty Thousand ($20,-000.00) Dollars.

"VI. That on or about August 24, 1939, the said Dr. Loy Olivier, the named assured, under the said policy, and a neighbor and intimate of the family of petitioners, came to the home of petitioners and requested that the minor son of petitioners, Frederick John Berchman Nehrbass, age 16 years, accompany him in his automobile, and which automobile was specifically covered by the policy of insurance aforesaid, from the City of Lafayette, Louisiana, to the City of Houston, in the State of Texas, and thereafter to return to Lafayette; that petitioner, Mrs. Frederick J. Nehrbass, her said husband being absent from home, refused the request of said Olivier aforesaid, but under the importunities of said Olivier, finally agreed to permit her said son to accompany him, with the promise of said Olivier, however, that under no circumstances would her said son be permitted to drive or operate the automobile, she, said petitioner, stating to said Olivier that her son was immature and wholly inexperienced in the driving and operation of automobiles; that under the circumstances stated petitioners' said son accompanied said Olivier on the trip aforesaid; that on their return trip from Houston, and on August 29, 1939, in defiance of his solemn promises, the said Olivier placed their said son at the wheel of the automobile and in full control and operation of the same, and while operating said automobile and at a point on State and Federal Highway No. 90, as the automobile was emerging from the eastern corporate limits of the municipality of Welsh, in the Parish of Jefferson Davis, Louisiana, the automobile, operated as aforesaid, swerved off the paved portion of the highway and on to the shoulder or berm of the highway, and in his attempts to right the same and get back on the highway, said automobile turned completely over, catapulting the said son some distance away, and thus inflicting upon him a basal skull fracture and other bodily injuries, from which injuries he died, after intense suffering, on September 2, 1939, in the City of Lafayette, Louisiana.

"VII. That because of his immaturity and his utter lack of experience in the use and operation of an automobile, their said son permitted the said automobile to leave the highway and because of the lack of even ordinary experience in such use and control he could not right the said automobile and bring it back to the paved portion of the highway, though even an ordinarily experienced driver would not have suffered said automobile, under the circumstances, to leave the highway, or if it did leave the highway, then such person could have easily regained the paved portion of the highway without any injury whatever to himself or the automobile; that such inexperience and immaturity of their said son was directly brought home to the said Olivier by the admonitions of his mother and the resulting assurances of the said Olivier that he would not under any circumstances permit the youth to drive the car, and hence it is that the acts of the said Olivier in directing or suffering their said son to drive and operate the said automobile at the time aforesaid was the proximate cause of his injuries and subsequent death, and the damages which have been inflicted upon petitioners.

"VIII. That in the circumstances above detailed, and under Act No. 55 of the General Assembly of the State of Louisiana for the year 1930, petitioners are authorized and permitted to institute and prosecute this suit to final judgment against the defendant herein, Home Indemnity Company, as insurer and indemnifier of the said Olivier, named Assured in the said policy."

To this petition defendant has filed a motion to dismiss, based on the alleged

failure to state a claim upon which relief can be granted.

The plaintiffs in their briefs frankly state their case is based (a) on a tort, (b) on the admission that if the boy had lived and he had had no right of action, the present plaintiffs would have no right of action. Article 2315, Civil Code of Louisiana.

This action is supposedly not on any contractual relation; the injunctions of the boy's mother to Dr. Olivier are merely to evidence the knowledge in Dr. Olivier of the boy's immaturity and inexperience.

■■ In short, the plaintiffs desire to collect damages for an injury of their son's own commission, but allegedly the result of his immaturity and his inexperience, solely due to his minority; and, as a matter of fact, should there be proved an act which would classify as an act of negligence for a boy of sixteen, under the circumstances, as fixed by the jurisprudence of Louisiana, the case falls. For, conclusively, then, the act, with negligence attributable to the boy, would be one contributing to the accident and its proximate cause and, consequently, the plaintiffs could not recover. The theory of the petition is that the case falls within the range where the act, the proximate cause of the accident, if committed by an adult, would be classed as contributory negligence. In the instant case, however, the boy being only sixteen and with certain individual characteristics, the act is one due to immaturity and inexperience, free of contributory negligence; not that a boy sixteen years of age may not be contributorily neglectful, but that the peculiar acts causing the accident in this case were the normal, expected acts of that particular boy for his age. It is a slim ray of daylight for the plaintiffs, but it is correctly alleged, it guides and controls on through, and we cannot conscientiously say that contributory negligence springs from the facts given in the petition. We cannot so characterize—for the facts in a petition, the conclusions of the pleader excluded and not at all considered, are taken as true and proved. And, moreover, "The law does not require that a petition negative contributory negligence on the part of plaintiff. It is a special defense and must be specifically pleaded." Hardtner v. Aetna Casualty & Surety Co., La.App., 189 So. 365, 369.

There are sufficient facts in the petition to sustain this ruling; a bill of particulars from the defendant might have changed the close situation. None has been filed.

■ The obligation "to pay * * * all sums which the Assured shall become obligated to pay by reason of the liability imposed upon him by law for damages, * * * caused by accident and arising out of the ownership, maintenance or use of the automobile" covers the instant civil action. For tendency to liberality of interpretation in like relation (automobile owner and insuring company), see the case of Hardtner v. Aetna Casualty & Surety Co., supra.

In this Hardtner case we have, at page 370 of 189 So., quoting from Burmaster v. Texas & Pacific-Missouri-Pacific Terminal R. Co. of New Orleans, La.App., 174 So. 135, 139, and the case therein cited of Gibbs v. Illinois Cent. Ry. Co., 169 La. 450, 125 So. 445, the following: "* * * 'We understand that doctrine to mean that an exception of no cause of action can never be meritoriously pleaded to a petition sounding in damages for personal injury or death on the ground of contributory negligence of the plaintiff, unless its charges are such as to exclude every other reasonable hypothesis other than the sole and proximate cause of the accident was due to the contributing fault of the plaintiff.' "

■ A minor is liable for his torts. Articles 1785, 1874 and 2227, Civil Code of Louisiana; Lutcher & Moore Cypress Co. v. Schexnaydre, 11 La.App. 72, 122 So. 911; Kern v. Knight, 13 La.App. 194, 127 So. 133, 137.

What is the Louisiana law as to the contributory negligence of children?

■ The original and leading case is that of Westerfield v. Levis, 1891, 43 La. Ann. 63, 9 So. 52, where the general comparative rule as between an adult and a child may be gathered from the following quotations:

"'* * * If, however, the child is old enough to have some perception of danger, and capable of exercising other faculties for its self-preservation, it is held bound to do so, but only as effectually as can be reasonably expected of a child of its maturity and capacity.'" 9 So. at page 55.

"* * * In the case of [Sioux City & P.] Railroad Co. v. Stout, 17 Wall.

126

[657] 660 [21 L.Ed. 745] * * * Justice Hunt, the organ of the supreme court of the United States, said: '* * * The care and caution required of a child is according to his maturity and capacity only, and this is to be determined in each case by the circumstances of that case.'" 9 So. at page 56.

Since the year 1891, the date of the above case, our courts seem to have adhered to what Judge Fenner, dissenting, said the majority opinion held, as follows: "The particular age at which children may be held responsible for some degree of care is, as Mr. Bishop says, 'not made definite by adjudications, but depends upon the particular case, with its circumstances, and the intelligence of the individual child; and the minor, of whatever age, is required to exercise the care which, under the circumstances, is reasonably to be expected of one of his particular age and capacity, a lack whereof is, if contributory to the injury, the barring contributory negligence.' Bish. Non-Cont. Law, § 586." 9 So. at page 57.

The Courts of Appeal of Louisiana contain most of the expressions on the subject because their jurisdiction includes all personal injury cases, irrespective of amount. Cases concerning children twelve years of age or more have been gathered, as in the instant case the boy involved was sixteen.

In the case of Shally v. New Orleans Public Service, etc., Board, 1925, 1 La.App. 770, we have, at page 777:

"The plaintiff was a boy sixteen years old at the time of the accident.

"He could be charged with contributory negligence. But he could not be expected to possess the same degree of prescience, caution and intelligence of an adult, nor could he be judged by the same rigor of law applicable to the latter."

In the case of Davis v. Shaw, La.App., 1932, 142 So. 301 at page 307, as to the competency of a boy sixteen years of age, we have: "* * * McLain was alleged to have operated this car on many occasions, and it is unquestionably true that many sixteen year old boys who are accustomed to operate automobiles are as competent operators as older persons."

We make a long quotation from the case of Pigott v. Bates, La.App., 1932, 143 So. 535, at page 538, with Judge Le Blanc as organ of the court, in order, firstly, to show the character of evidence considered, and secondly, to show the continued affirmance in our jurisprudence of the Westerfield v. Levis, supra, doctrine: "Plaintiff's counsel strenuously contends that the Pigott boy, because of his youth, could not be guilty of contributory negligence. By his own testimony, we learn that the young boy reached his fourteenth birthday in December, 1931, and therefore when the accident happened in July of that year, he was more than thirteen and a half years old. He was in Seventh-B grade at school the term before he was injured and had been promoted to Seventh-A. He had built the very bicycle he was riding at the time he was hurt from discarded parts of an old one he owned and parts he had obtained from another boy, and he also knew how to run an automobile. He delivered papers in the city of Bogalusa, and no doubt was familiar with the principal streets and conditions generally prevailing on them. The evidence shows that he was playing with boys of more advanced age than he at the very corner where the accident took place. Our impression from these facts, and from a careful consideration of the manner in which he testified, is that he was a boy of such mature age and judgment as to be fully capable of appreciating the dangers incident to boys playing on paved streets in a city the size of Bogalusa. Whether a child may be guilty of contributory negligence 'depends upon the particular circumstances of each case and must be determined in connection with his age and ability to judge of the conditions.' So held the court in the case of Westerfield v. Levis, 43 La.Ann. 63, 9 So. 52. Tested by this rule, we are firmly of the opinion that young Pigott could be guilty of contributory negligence, and we so hold."

Again, in the Marquette v. Cangelosi case, La.App., 1933, 148 So. 88, as to the admissible facts, we quote at some length:

"* * * He was over 13 years and 2 months old, a boy, not of dazzling brilliancy, but normal in every respect, bright in his studies, and then in the sixth grade. Indeed, it would be doing violence to the situation to say that this boy, at that age, bright and intelligent, who was delivering papers in Baton Rouge, and for several weeks before had been engaged in the same business for another newspaper, did not have the discernment, after receiving these general specific warnings

from Mr. Sholar, to appreciate the dangers that lurked in the operation of that elevator. * * *

"It is impossible not to infer that these boys, including the deceased, could not have failed to realize that at that hour, in the darkness of the night, and after the warnings they had received, there was danger in riding in this elevator." 148 So. at page 91.

The chronological run of adjudications to show the development of the rule is lastly shown by the following quotation taken from O'Pry v. Berdon, La.App., 1933, 149 So. 287, at page 289:

"Garland was 12, and therefore must be held subject to the rule of contributory negligence.

"We so held in the case of Marquette v. Cangelosi [La.App.], 148 So. 88.

"In going extensively over that subject in that case, we referred to the case of Westerfield v. Levis, 43 La.Ann. 63, 9 So. 52, 53, where the court said as follows:

" 'While an adult must be free from fault which contributed to his injury, in order that he may recover, the care and caution required of a child is according to his maturity and capacity and the circumstances of the particular case.'

"The above quotation shows that though a child of normal intelligence may be held to the rule governing the doctrine of contributory negligence, yet that it should be applied according to the circumstances of each particular case. Hence, the rule is not applied with the same severity to a child as it is to an adult."

Since by statute (La.Acts 1938, No. 286, § 3, Rule 1, Dart's La.Stats. § 5201), the state has fixed the minimum age at fourteen years for the driver of an automobile on the highways, we make the following quotation from Savoie v. Walker, La.App., 1938, 183 So. 530, in order to show how minors above the age of fourteen are held to strict accountability for their negligence: "Defendant's minor son being capable of operating on the public highways such a dangerous instrumentality as a motor vehicle, he is capable of committing an offense or quasi offense for which his father with whom he resides is responsible under the plain provisions of Article 2318 of the Civil Code. Marionneaux, Tutrix v. Brugier, 35 La.Ann. 13; Sutton et al. v. Champagne et al., 141 La. 469, 75 So. 209." 183 So. at page 532.

The last case and the Davis v. Shaw case, supra, are cited to show what nearly insuperable obstacle the plaintiffs will have to meet in order to find facts that would free of negligence a normal boy of sixteen in the driving of an automobile.

Nevertheless, we believe from all that has been said in this opinion a question of fact exists.

■ The next question follows as to what is the function of the jury. In 107 A.L.R., page 164, forming part of one of the recent annotations on the subject of contributory negligence of children, Chapter VI, under the said note, "Question as Generally or Necessarily for Jury," we quote freely, as follows:

"Generally, of course, the question of contributory negligence is for the jury, even in the case of adults. On this point, it is said in 20 R.C.L. p. 166: 'Negligence cases in which a nonsuit may be allowed are exceptional. The issue or issues of negligence and contributory negligence are as a rule to be determined by the jury, and ordinarily should not be disposed of by the court in a peremptory manner.'

"And it is said generally, in a New York case, in an action for injury to a twelve-year-old boy by a train while his foot was caught in an unblocked frog: 'Contributory negligence is a question of fact and should be left to the jury, unless it so clearly appears from the circumstances or uncontradicted evidence as to leave no inference of fact in doubt. It is only in very exceptional cases that it can be adjudged as a necessary legal conclusion from the facts found.' Friess v. New York C. & H. R. R. Co. (1893) 67 Hun 205, 22 N.Y.S. 104 (affirmed without opinion in (1893) 140 N.Y. 639, 35 N.E. 892)."

The proponent of the motion to dismiss brings to our attention the case of Alexander v. Standard Oil Co. of Louisiana, 140 La. 54, 72 So. 806. One of the claimants in that suit was the mother of the injured boy, aged 13 years and 10 months, who sought to recover directly in her behalf on the point of the presumed negligence of the defendant in the employment of her son because of Section 1 of Act 301 of 1908, making the employment of children under the age of 14 years unlawful in certain cases. She was denied recovery because the duty imposed by the statute upon the defendant not to employ

a child in a dangerous occupation is thus imposed for the protection of the child and in his interest and that of society in general, and not in the interest of the parent of the child. The court said, at page 811 of 72 So.: "The defendant owed no duty therefore to the mother of the child, and has been guilty of no fault toward her which could serve as a basis on her part for a claim of damages."

Mover contends that if a mother has no cause of action against a person who places her child in a dangerous situation in contravention of a positive law, so much less have these plaintiffs a right of action against Dr. Olivier and his insurer, in view of the fact that a state statute permits the doing of the very act (driving an automobile) by a child of fourteen years or over.

It is to be noted, however, that in the Alexander case the mother, in her capacity of natural tutrix of her minor son, recovered judgment for $5,000 against the defendant, under Article 2315 of the Louisiana Code, because the court found that the boy was not guilty of negligence.

There is nothing in the case of Bagesse v. Thistlewaite Lumber Co., 12 La.App. 453, 125 So. 322, except what is already said and held in the Alexander case relative to the state prohibitory statute.

■ Now, cumulatively or alternatively —from the court itself, not from the pleaders—we quote Article 2317 of the Civil Code, reading "We are responsible, not only for the damage occasioned by our own act, *but for that which is caused by the act of persons for whom we are answerable*, or of the things which we have in our custody. This, however, is to be understood with the following modifications." (Italics supplied.) Dr. Olivier, the owner of the car, was in the car at the time of the accident; he permitted the boy to be the driver, and the boy became a person for whom he was answerable.

Again, Article 2318, the immediate modification mentioned in Article 2317, reads, as follows: "The father, or after his decease, the mother, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or *placed by them under the care of other persons, reserving to them recourse against those persons.* * * *" (Italics supplied)

The parents have recourse against Dr. Olivier. It stands to reason that if the parents have recourse against the persons in charge of their child when the child occasions damage to third persons, a fortiori, if the child, free of any contributory negligence, is placed where he is killed, even though it be by his own act of immaturity and inexperience, the parents have recourse against those persons or that person who placed the child, or permitted the child to be placed, in such a situation.

A vulnerable point in the petition is found in the language of Article VII, in the words "and the resulting assurances of the said Olivier that he would not under any circumstances permit the youth to drive the car, and hence it is that the acts of the said Olivier in directing or suffering their said son to drive and operate the said automobile at the time aforesaid was the proximate cause of his injuries and subsequent death * * *." The weakness is that the promise of Dr. Olivier to the mother becomes an oral contract, and it seems that it is upon this contract that the action is predicated. Frankly, we must say that plaintiff has veered through his briefs from this clearly apparent meaning of Article VII. It is only under the clause at the conclusion of prayer "And petitioners further pray for all general and equitable relief in the premises" that we may permit the position of plaintiffs taken later, categorically, through their briefs, basing their action definitely and solely on tort and not under contract.

Accordingly, the motion to dismiss is overruled and the case as a whole will go to the jury. Judgment will be signed.