## McGLOTHURN v. LOUISIANA & A. R. CO.
### Civ. No. 2304.

District Court, W. D. Louisiana,
Shreveport Division.
March 30, 1948.

Jackson B. Davis, and Harry A. Johnson, Jr., both of Shreveport, La., for plaintiff.

White, Holloman & White, of Alexandria, La., for defendant.

PORTERIE, District Judge.

A motion to dismiss has been filed by the defendant on the ground that this is a cause upon which no relief can be granted.

Omitting the articles of the petition that establish jurisdiction based on diversity of citizenship and the requisite amount, we quote in full the following articles which are to be taken as proved for the purpose of this motion; also, all the reasonable deductions therefrom, the most favorable to the plaintiff, are to be taken as proved:

4. That at approximately 3:00 p. m. March 17, 1947, Lonzy Clarence McGlothurn, was on the tracks of the railroad company just West of the point where said tracks pass beneath Market Street in the City of Shreveport, Caddo Parish, Louisiana, and the said minor was engaged in walking along one side of the said railroad tracks in a careful and prudent manner;

5. That the place at which said minor was walking has long been used by the public as a passageway and roadway in going from and to points near the said railway

company, all of which is well known to defendant;

6. That at the time the said minor was walking beside the tracks as hereinbefore set forth, a freight train of the said railroad company, which petitioner is informed, believes and therefore alleges was known as Louisiana-Arkansas Freight No. 53, was coming into the freight yards in the City of Shreveport along the tracks beside which the said minor was walking;

7. That the minor and the said train were meeting each other, and, observing the approach of the said train, the said minor stepped across the tracks to the opposite side thereof to another path beside the tracks which had also, to the knowledge of defendant, long been used by the public as a passageway and roadway, and continued upon his way;

8. That no warning signal, such as the ringing of a bell or the blowing of a whistle, was given by the operator of the said freight train;

9. That the operators of the said train, employees of defendant railroad company, saw or should have seen petitioner's minor son crossing the said tracks and walking along the said path, and in disregard of his safety, negligently continued to operate said train upon the tracks without assuring themselves that the said minor had removed himself or had been removed to a place of safety;

10. That after the locomotive of the said freight train passed the point at which it and the minor met, the said minor continued along the path beside the tracks on which the said freight train was moving, and within a few moments thereafter, he stumbled on certain bricks or other obstructions within the said path and fell in such a manner that both his feet and legs were projected beneath the moving cars as his body struck the ground;

12. That the defendant was negligent in not giving appropriate warning signals of the approach of its train; that defendant was negligent in not assuring itself that the minor was removed to a position of safety before proceeding after having observed or being charged with knowledge of his presence upon the said tracks; that the defend-

ant was further negligent in permitting bricks or other obstructions to accumulate in a path known by it to be used as a passageway and roadway by numerous pedestrians;

We believe that a fair narrative of the case may be gathered from the above generous verbatim selections from the petition.

The first question we have to answer is to determine the legal status to be given the 11-year old boy who is using the tracks and right of way of the railroad as a passage way; the path having been used regularly by the public for quite a long period of time. We find the boy under the above facts to be a licensee; certainly not a trespasser; and since he was on the premises neither for his own business nor for the business of the company, he is not an invitee.

The boy took the premises as he found them. The railroad company owed him only the duty of not injuring him, willfully, wantonly, or through active negligence. Mercer v. Tremont & G. Ry. Co., La.App., 19 So.2d 270; Mills v. Heidingsfield, La. App., 192 So. 786; Hendricks et ux. v. Kansas City Southern Ry. Co., 142 La. 499, 77 So. 130.

In article 12 of the plaintiff's petition, we find: " * * * that the defendant was further negligent in permitting bricks or other obstructions to accumulate in a path known by it to be used as a passageway and roadway by numerous pedestrians;" and in article 10 we find, after the recital to the effect that the train was running along and that the boy was walking beside the track, the following language: " * * * he stumbled on certain bricks or other obstructions within the said path and fell in such a manner that both his feet and legs were projected beneath the moving cars as his body struck the ground".

We are not of the view that the bricks or other obstructions in the path is such negligence, if any, as to be called willful and wanton—nor is it any active negligence on the part of the defendant company. See Buchanan et ux. v. Chicago, R. I. & P. Ry. Co., et al., 9 La.App. 424, 119 So. 703; also the Mills, Mercer, and Hendricks cases, supra.

■ That there were no blasts of the whistle or ringing of the bells by the operators of the defendant's engine is immaterial, since the boy walking towards the coming train stepped off the track and kept on coming safely on the path and then along the side of the moving train.

■ We cannot see that the train should have stopped to wait until the 11-year old boy walked through and off the premises of the railroad company or that some member of the crew should have helped him through. That may be necessary in the case of a crawling infant or of a child of 5 or 6 years of age. We have to consider this boy to be 11 years of age. Children may be contributorily negligent. See Nehrbass v. Home Indemnity Co., D.C., 37 F.Supp. 123. We do admit that in this cited case, the minor is not younger than 14 years of age; but a boy of 11 years of age may be contributorily neglectful under the law of Louisiana. See Hendricks case, supra; also Friedman's Estate v. Texas & P. Ry. Co., La.App., 24 So.2d 167, particularly at page 171.

■ On the other hand, the general rule is that a railroad company ordinarily owes no greater duty to a trespassing child than it owes to an adult trespasser. The railroad company is not bound to use active vigilance or to provide against injuring the child. McCarthy v. New York, N. H. & H. R. Co., 2 Cir., 240 F. 602; Yazoo & Mississippi V. R. Co. v. Smith, 111 Miss. 471, 71 So. 752; Savage and Wife v. Tremont Lumber Co., et al., 3 La.App. 704.

"There is danger in dealing with the question of liability for injury to children of confounding legal obligations with those sentiments which are independent of the law, and rest merely on grounds of feeling, or moral consideration. While more indignation is felt towards an injury done to children than to injuries done to others, the law has not usually given them civil remedies on any such basis. Neither does it usually, if ever, impose any duty on strangers toward them, resting entirely on the fact that they are children. Strangers are not liable to children for negligence in carrying on their business beyond what would be their liability to others, as well as children, who are equally free from blame. Hargreaves v. Deason, 25 Mich. 1." Peters v. Pearce et al., 146 La. 902, 905, 84 So. 198, 199.

The motion to dismiss must be sustained, and, upon presentation, judgment of that tenor will be signed.