70 So.2d 220 (1954)
O'BIER
v.
MANUFACTURERS CAS. CO. et al.
No. 8102.
Court of Appeal of Louisiana, Second Circuit.
January 26, 1954.
Rehearing Denied February 16, 1954.
*221 McConnell & McConnell, Springhill, for plaintiff-appellant.
Blanchard, Goldstein, Walker & O'Quinn, Shreveport, for defendant-appellee.
HARDY, Judge.
Plaintiff brought this suit individually and in the capacity of administrator of the estate of his minor child, three-year old Michael O'Bier, seeking damages from the Town of Springhill and its liability insurer for personal injuries alleged to have been sustained by said minor. An exception of no right and no cause of action was filed on behalf of defendant. From a judgment sustaining the exception and dismissing the suit plaintiff has appealed.
Plaintiff's petition alleges the following facts pertinent to the consideration of the exception: That his home is located on Lot 6 of the O'Bier Place Addition in the Town of Springhill, Webster Parish, Louisiana; that on or about October 21, 1952, the Town of Springhill was engaged in the excavation of a ditch for the purpose of laying sewerage and water lines, which ditch or trench was approximately two feet in width and six feet in depth; that the southern extremity of the said ditch was located approximately four feet from the center of Hill Street, approximately fifteen feet from the southwest corner of petitioner's yard and some fifty feet from the house; that dirt was piled to a height of some two feet at the southern excavation of the ditch on Hill Street, on top of which the employees of the Town of Springhill, in the evening of the date set forth, had placed a standardsize, lighted kerosene flare; that children of tender age resided and played in the immediate area to the knowledge of the defendant Town's employees, who were working on the project; that at about 9:30 a. m. on October 22, 1952, plaintiff's three-year old son, Michael, went into the yard to play, while his mother was engaged within the house, and in some manner his clothes were ignited while he was playing with the flare; that before his mother could extinguish the flames the child received severe burns, and that the actions of the defendant Town's employees and agents resulted in the creation of an attractive nuisance with respect to which they were guilty of additional negligence in failing to take proper precautions to prevent accident.
In arguing the merits of defendants' exception counsel argued that the standard *222 type kerosene flare involved in this case is in common-place use; that the flares, burning with a smoky flame several inches high, are not dangerous in themselves and that the court should take judicial notice of the fact that children of tender years fear and are repelled by fire. It is also contended that a guard or other precautions were impracticable under the circumstances and that a reasonable person could have presumed the parents, living only some fifty feet distant from the location of the flare, would have observed the same and taken steps to prevent children from playing with the flare.
On the basis of the above representations counsel insists that the application of the attractive nuisance doctrine is not justified.
We think some issues tendered in the argument of counsel for defendant may be resolved without extensive discussion. First, we observe that we cannot justify in our minds the acceptance of the burden of judicial notice to the effect that children of tender years fear and are repelled by fire. To the contrary common experience indicates that fire has a very definite fascination, not only for children of tender years but, in many instances, for both older children and adults. According to the aged English proverb it is only the burnt child that dreads the fire. Next, we are constrained to observe that the arguments as to the heat and smoke serving as a repellent which would keep a child beyond the limit of danger, as well as the argument that the parents of the children here involved should have perceived the danger and protected the child therefrom, are arguments of factual issues which have neither been tendered by the pleadings nor supported by evidence at this state of the proceeding. It is only the well pleaded factual allegations of the petition which are to be accepted as the basis for consideration of the exception. Assertions, conclusions and presumptions which constitute possible bases of defense are not at issue.
The elements which are essential to the designation of a hazard as constituting an attractive nuisance have been stated many times in the jurisprudence of this state, as well as in recognized text book and reference authorities. The most recent pronouncement of these requisites by appellate courts of Louisiana are to be found in Saxton v. Plum Orchards, Inc., 215 La. 378, 40 So.2d 791; Watts v. Murray, La. App., 43 So.2d 303, and Midkiff v. Watkins, La.App., 52 So.2d 573. The holding of the Supreme Court in the Saxton case and of this court in the Watts case resulted in judgment for the respective plaintiffs. Our brethren of the First Circuit affirmed judgment sustaining an exception in the Midkiff case. However, we think the facts disclosed in the opinion of the court in that case are at such complete variance with those involved in the Saxton and Watts cases, as well as the case which is here under our consideration, as to remove it from any analogy.
The general rules which are applicable to the determination of the existence, vel non, of an attractive nuisance in legal contemplation are so thoroughly considered in the cases cited supra as to need no further elaboration. In the light of the enunciated principles there can be no question as to the compliance by this plaintiff with the requirements which establish the factual basis justifying a recognition of the hazard or danger as constituting an attractive nuisance.
But when we leave the firm and certain support of well-established and clearly stated legal principles we are confronted with the necessity of entering into a sort of twilight zone in which the facts of each individual case must be examined and evaluated. It is utterly impossible for any court to catalogue the diverse instrumentalities and agencies which are involved in attractive nuisance cases, and we concede that certain ones fulfill the definition of an attractive nuisance while certain others fail to conform thereto. The solution is not simple, for it is obvious that a particular instrumentality may, under some factual circumstances, be classified as an *223 attractive nuisance while under other conditions it could not be so regarded.
It is true that courts have sometimes made an effort to establish some broadly comprehensive classifications. In this pursuit, for example, it has been considered that "* * * common or ordinary objects such as walks, fences and gates, simple doors and appliances, and conditions arising from the orderly conduct of a business" are excluded from the application of the doctrine. In the attempt to bring the instant case within the rule of this general exclusion counsel for defendant contends that "* * * an ordinary standard kerosene flare, such as is here involved, as such a common-place device, in such frequent and open use throughout our state and nation, in connection with construction and repair work of many types, that it cannot be classified as a `special, unusual, uncommon or artificial' attraction so as to come within the `attractive nuisance' doctrine."
Again we observe that the validity of this conclusion must depend upon the surrounding circumstances. The common kerosene flares which concededly are in use in all sorts of outdoor construction activities, particularly those involving streets, highways and the laying of pipelines, might not ordinarily fall within the attractive nuisance designation. But when one of these kerosene flares is placed in a residential district of a town or city in an area where small children are accustomed to play and where such objects are not to be frequently and ordinarily observed the entire situation and the conclusion ordinarily flowing therefrom are radically changed. We daresay that many a child has lived the brief span of its first three years without ever seeing one of these lighted flare pots, exhibiting a small but attractive ribbon of flame and smoke. The mere appearance and accessibility of such a provocative object must be considered an alluring plaything to a child of three. We can readily conceive of the curiosity which would be aroused in the undeveloped mind of little Michael and which led him, purposefully perhaps, despite some instinctive feeling of timidity and hesitancy, to a close examination. Nor do we think that the flame and heat engendered by one of these flares would be sufficient in itself to repel a close approach.
We are convinced that the designation of any instrumentality or agency as an attractive nuisance must be affected by the age of the child and the nature of the instrumentality. On this basis we think the authorities cited by counsel for defendants are easily to be distinguished from the instant case. The facts and the appropriate development and application of the attractive nuisance doctrine which appear to us to be determinative of the issues of the instant case, are to be found in the Saxton and Watts cases, supra; Friedman's Estate v. Texas & Pacific Railway Co., 209 La. 540, 25 So.2d 88, 163 A.L.R. 1228, and Smith v. City of Baton Rouge, 166 La. 472, 117 So. 559, 561.
In the last cited case we find the following observation in the opinion of the Supreme Court:
"Whoever does anything in, or immediately adjacent to, a public street, calculated to attract children of the vicinity into danger, which they cannot appreciate, owes the duty of protecting them by suitably guarding the source of the danger, or, if this is impracticable, by giving timely warning to their parents and guardians of the existence of the danger."
We have carefully examined the case of Brown v. City of Minneapolis, 136 Minn. 177, 161 N.W. 503, decided by the Supreme Court of Minnesota, which defendants' counsel consider to be squarely in point, urging that it be regarded as controlling authority in the absence of any Louisiana case involving any kind of kerosene flare or light. We are not overly impressed by the reasoning of the court as set forth in the cited case, nor do we consider that the facts are sufficiently similar to justify the acceptance of the conclusion. In our minds there is a vast difference between the danger represented by the glass-enclosed *224 flame of a lantern and the open and unprotected fire of a kerosene flare. We further call attention to the fact that the holding in the Minnesota case sustained the verdict of a jury which was reached after trial. The court's opinion makes it clear that plaintiff's demands were denied not because of any lack of sufficiency in the allegations of the petition but by reason of lack of proof on trial.
In the case before us we think plaintiff has adequately pleaded sufficient facts to justify the establishment of a cause of action. There is no ground for the presumption that all these facts will be proved on trial, but we are firm in the conclusion that plaintiff is entitled to his day in court and that his petition sufficiently sets forth a cause and right of action.
For the reasons assigned the judgment appealed from is reversed and set aside, defendant's exceptions are overruled, and this cause is remanded to the Honorable the Twenty-Sixth Judicial District Court in and for the Parish of Webster, State of Louisiana, for further proceedings consistent with this opinion. Costs of this appeal are taxed against defendants-appellants, and all other costs are to await final disposition of the cause.
GLADNEY, J., dissents.
GLADNEY, Judge.
I respectfully dissent from the majority view herein which holds that a standard size lighted kerosene flare used as alleged in plaintiff's petition calls for application of the attractive nuisance doctrine.
The limitation upon said doctrine repeatedly recognized in our jurisprudence is aptly stated in American Jurisprudence, Volume 28, Verbo Negligence, § 149, page 815:
"The character of the instrumentality by which the injury complained of was received is of great importance in determining liability under the attractive nuisance doctrine.
* * * * * *
"* * * The fact that a thing is attractive to children is not of itself a ground for invoking the attractive nuisance doctrine. Clearly, not everything which may possibly excite the curiosity of a child amounts to an attractive nuisance. If everything containing some element of danger to a boy, of which a plaything possibly can be made by him, amounts to an attractive nuisance, there is almost no limit to the application of the doctrine. * * * The tendency of the courts is to exclude from the application of the attractive nuisance doctrine things not in their nature dangerous or peculiarly alluring or attractive to children, natural conditions, common or ordinary objects such as walls, fences, and gates, simple tools and appliances, and conditions arising from the ordinary conduct of a business."
The thing which attracted young O'Bier was the flame. To hold that the flame from an ordinary flare such as complained of in the instant case constituted a dangerous instrumentality, would, in my opinion, extend the doctrine to every imaginable type of flame capable of setting fire to a child's clothes. By a similar application of the rule every pond or body of water capable of inflicting death by drowning, irrespective of its peculiar or unusual characteristics, would come within the purview of legal liability.
The scope of the doctrine of attractive nuisance is fully discussed in a comprehensive review of our jurisprudence found in the very able opinion of Judge Janvier in Genovese v. New Orleans Public Service, Inc., La.App.1950, 45 So.2d 642, to which views I subscribe.
Rehearing denied; GLADNEY, J., dissenting.