BOLIN, Judge.
Plaintiff brought this action ex delicto-individually and as administrator of the estate of his minor son to recover damages for injuries resulting to the latter while playing or riding on the arm of' an oil well pump owned and operated by defendant Newsham in the City of Springhill, Louisiana. Made co-defendant was Newsham’s insurer. From judgment sustaining an exception of no- cause of *761 ■action filed by defendant, plaintiff has •appealed.
It is evident from plaintiff’s petition the cause of action is predicated on the attractive nuisance doctrine. Without setting forth in detail the allegations, the oetition reflects plaintiff’s son, William Scheu, aged 10 years and 11 months, and certain of his playmates were playing in the vicinity of the well on April 28, 1961. In the course of play William stepped upon a structure serving as a platform on the well in order to ride the pumping arm, at which time his foot accidentally protruded a little too far and was caught and crushed between two metal parts, necessitating amputation of a portion of his big toe. This was the first occasion of his playing on the well and it is alleged he had no knowledge nor realization of the extreme hazard of the activity in which he engaged.
It is alleged that none of the other wells in the vicinity were constructed so as to .afford this type activity and most of them, operated by other operators in the field, had a fence or guard rails enclosing the belts and moving machinery concluding the hazard such as here encountered could have been prevented with very little effort and ■slight cost,
Other averments are that the defendant knew this particular well, which was easily accessible to children of all ages, was completely unguarded and knew children had ridden the pumping arm and played in the vicinity of the well on numerous occasions; also that agents and employees of the defendant had sometimes driven children from the premises but no precaution had been taken to keep children away from the moving parts of the machinery. In conclusion it is alleged the negligent maintenance of the premises, in the manner set forth, constituted a nuisance attractive to and with an unusual propensity for harm to children and therefore was an attractive nuisance.
It is clear to us sufficient facts have been alleged to invoke generally the doctrine of attractive nuisance subject, of course, to certain special defenses.
Defendant’s exception is based on two principal contentions. The first is that plaintiff affirmatively alleged contributory negligence inasmuch as the petition shows the boy was 10 years and 11 months of age at the time of the accident; that since there is no averment he was not a normal, intelligent child he is charged as a matter of law with knowledge of the highly dangerous nature of the activities in which he engaged.
Plaintiff concedes an exception of no cause of action may properly be leveled at an affirmative allegation of contributory negligence and further concedes the jurisprudence of our state is to the effect that a person of the age of this minor is capable of being guilty of contributory negligence. However, he contends that whether in fact a child actually is contributorily negligent in any particular case is dependent upon all the circumstances developed upon trial of the case.
As stated in Delahoussaye v. City of New Iberia (La.App. 1 Cir. 1947) 33 So.2d 75:
“A child under twelve years of age, even though he is capable of contributory negligence, is not held to the same degree of care and caution as is required of a mature person. Whether or not such a child is guilty of such contributory negligence as to bar recovery depends on his capacity, his degree of maturity and the particular circumstances of the case.’ (Emphasis added.)
This court recently held, in Danna v. London Guarantee & Accident Co. (La.App. 2 Cir. 1962) 147 So.2d 739, the rule enunciated by the Supreme Court in Plauche v. Consolidated Companies, 235 La. 692, 105 So.2d 269 (1958) appropriate *762 to a situation where a minor, injured in an accident, is accused of contributory negligence. In such cases the caution required is determined according to the maturity and capacity of the child under the particular circumstances of the case and in order to constitute contributory negligence the child must have exposed himself to danger and he must have acted knowingly, with reckless disregard of the consequences.
We find nothing in the petition of the instant case which alleges contributory negligence. That issue can be determined only by a trial on the merits.
Defendant’s second contention is that plaintiff has alleged the minor was a trespasser; and that the duty of an owner to trespassers is only to refrain from willfully or wantonly injuring them, citing 65 C.J.S. Page 448, et seq., verbo “Negligence” and the case of Buchanan v. Chicago, R. I. & P. Railway Company (La.App. 2 Cir. 1929) 119 So. 703.
We do not think plaintiff has alleged his son was a trespasser, although the evidence adduced on trial might show him to be such. While it is conceded a child 10 years and 11 months of age can be a trespasser this does not mean he actually was trespassing at the time of the accident. Additionally, under the attractive nuisance doctrine liability may be imposed for injuries to children, even though technically trespassers, where such injuries result from the failure of the person in charge to take proper precautions to prevent injuries to children by instrumentalities or conditions which he should, by the exercise of ordinary judgment and prudence, know would naturally attract them into unsuspected danger. See Friedman’s Estate v. Texas & Pacific Ry. Co., 209 La. 540, 25 So.2d 88, 163 A.L.R. 1228 (1945); O’Bier v. Manufacturers Cas. Co. et al. (La.App. 2 Cir. 1954) 70 So.2d 220. Therefore, whether young Scheu was actually a trespasser and the consequent effect on the alleged liability of defendants is likewise a matter which can only be determined on the merits.
For the reasons shown the judgment sustaining the exception of no cause of action is reversed, the exception is overruled, and the case is remanded to the lower court for further proceedings in accordance with law and the views expressed herein. Costs of this appeal are assessed against appellees, all further costs to await the final determination of the cause.
Reversed and remanded.