(No. 18552.—

HOWARD C. DARSCH, Defendant in Error, *vs.* EDWARD C. BROWN, Plaintiff in Error.

*Opinion filed December 20, 1928.*

GREEN & RICE, (CHARLES E. GREEN, of counsel,) for plaintiff in error.

RALPH R. OBENCHAIN, HENRY POLLENZ, and OTTO ADE ARNSTON, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Howard C. Darsch, defendant in error, plaintiff, a minor, by his next friend, brought suit in the superior court of Cook county against Edward C. Brown, plaintiff in error, defendant, to recover for personal injuries alleged to have been sustained by reason of the negligence of the defendant and recovered a judgment against the defendant for $2750. The judgment was affirmed by the Appellate Court for the First District, and the cause is now before this court upon a writ of *certiorari*.

There is no material controversy in the evidence as to the main facts in the case. The evidence shows that defendant, a contractor and builder, was erecting for himself, as one job, three one-story-and-attic bungalows on the east side of North Albany street, in Chicago. The buildings were twenty-six feet east of the sidewalk and were about eight feet apart. The walls were up, the roofs were on, the floors were laid both down-stairs and in the attic, the doors and windows were not in place and there was no stairway leading to the attic. There were no barriers or guards against intrusion. The opening for each front door was about four feet from the ground and there were no steps leading to it. The buildings were in about the same degree of completion. In order to go from one building to another the workmen placed planks twelve inches in width across the space between the buildings from the attic windows, which were about sixteen feet above the ground. These planks were never so situated unless men were at work on the job. Plaintiff, who lacked fifteen days of being seven years old, lived across the street, west from the buildings. On Satur-

594

day morning, November 3, 1923, about eleven o'clock, he came out of his home and saw four boys playing in the buildings. He went across the street, climbed up to the front door of one of the buildings, climbed a ladder and went up into the attic. The boys were playing there with pieces of sawed-off boards, sawdust and shavings. Shortly thereafter they began to play tag, and while so doing, and while one of the boys was chasing plaintiff, he went upon one of the planks, crossed it to the adjoining building, and when about to enter it through the opening left for the window bumped his head against the top of the window frame, lost his balance and fell to the ground and sustained the injuries for which this suit is brought.

The amended declaration alleged that defendant left the buildings open and unguarded; that children who were permitted to be around the buildings and on the plank would, in consequence of it or of their childish instincts, impulses and lack of experience and judgment, be exposed to the danger of falling off of the plank; that the open buildings and the plank were so attractive, alluring and tempting to children of tender years as to amount to a strong inducement or an implied invitation to them to play with or upon the plank; that the plank could be readily seen from the street; that the buildings were in a populous section of the city and large numbers of children were in the habit of passing along the street and near the buildings and were accustomed to enter the buildings and play upon the plank, all of which was known to defendant or could have been known by him by the exercise of ordinary care.

At the request of plaintiff the court gave to the jury an instruction as follows:

"The court instructs the jury that if you believe from the evidence, under the instructions of the court, that at and prior to the time of the alleged accident the building, plank and other material and equipment, if any, referred to in this case, were located on the defendant's premises referred

to in this case, if you believe from the evidence that the defendant did own and possess the said premises, and that the same were so situated on the said premises that they were easily accessible and visible to children of tender years from the public streets and highways next to and adjacent to said premises, and that same were of a nature likely to excite the curiosity of such children and to attract them to go upon the said premises to play with, around and about said buildings, plank, material and equipment and that it was dangerous for° such children to play with and around and about said building, plank, material and equipment, and if you further believe from the evidence under the instructions of the court, that the defendant then knew or by the exercise of ordinary care, could have known that said building, plank, material and equipment were so located and situated in and on its said premises and that the same were attractive to such children in the manner aforesaid, and that it was dangerous for such children to play with, around about the same, and if you further believe from the evidence, under the instructions of the court that at and prior to the time of the alleged accident, children of tender years were in the habit of going upon the said premises to play with, around and about the said building, plank, material and equipment and that the defendant then knew or by the exercise of ordinary care could have known that such children were in the habit of going upon said premises to play with, around and about the same, then the defendant was bound to exercise reasonable care to keep such children away from the said building, plank, material and equipment or to guard them against injury from the same."

It is contended by defendant that the court erred in giving this instruction. It is an unquestioned general rule that the owner or occupier of private grounds is under no obligation to keep them in any particular state or condition to promote the safety of trespassers or others who come

upon them without any invitation, either express or implied; and this general rule applies equally to adults and children. (*McDermott* v. *Burke,* 256 Ill. 401.) In the case just cited it is said: "There is a difference of opinion between the courts as to the liability of an owner or occupier of premises who maintains thereon some machine or other thing which is especially attractive to children, who, in obedience to their childish instincts, are likely to be drawn to it but which is dangerous to them. Such machines or other dangerous things are often described as 'attractive nuisances.' * * * The owner of real estate is clearly entitled to its reasonable use and to apply it to such business or use as may be beneficial to him without liability to trespassers or bare licensees, but there are different views as to whether the maintenance of something dangerous to children, so exposed and in such a position as to be attractive to them, constitutes an implied invitation, which relieves them of the character of such trespassers or bare licensees. Under our decisions, which are most liberal to children, if the conditions are such that the owner may reasonably anticipate that children of such tender age as to be incapable of exercising proper care for their own safety may by their own instincts be attracted to the dangerous thing and thereby exposed to danger, he will be liable for an injury to a child so attracted, resulting from leaving the machine or dangerous thing exposed. Under such circumstances he would have good reason to expect that children, from their well known habits and nature, would be attracted to the dangerous thing, and its maintenance would amount to an implied invitation to them, so that they cannot be regarded as voluntary trespassers. (*City of Pekin* v. *McMahon,* 154 Ill. 141.) It is a necessary element of the liability that the thing which causes the injury is tempting to children and to constitute a means of attracting them upon the premises, which the owner should anticipate. The dangerous thing must be so located as to attract them from the

street or some public place where they may be expected to be."

In *Ramsay* v. *Tuthill Material Co.* 295 Ill. 395, it was held that if the owner knew that children came upon the premises and played around the structure, which was dangerous and attractive, it was not essential to his liability that the structure be visible from the street; that if one engaged in any operation dangerous to those coming in contact with it, permits children, who are incapable of appreciating the danger, to come upon the premises and expose themselves to danger, he must take such means to prevent injury to them as will be effective or must exclude them from the premises.

The instruction complained of is erroneous. It refers to material and equipment so located and situated on the premises as to be attractive to children, which are not mentioned in the declaration. This reference to other material and equipment has a special tendency to be misleading, in that the evidence shows that the children played with the sawed-off boards, sawdust and shavings before some of them had seen the plank. There is no evidence in the case that any child was attracted to the building by the plank. Plaintiff testified that he was not attracted to the building by the plank but by the children whom he saw in the building. The only other witness present at the time of the accident (the boy who was chasing plaintiff) testified that he did not know that the plank was there until he saw plaintiff go upon it. There is no evidence in the case that children of tender years were in the habit of going upon the premises to play with, around and about the plank. There is no evidence in the record that any child ever went upon the plank prior to the time in question. The only evidence as to any other child being upon the plank at any time is that of plaintiff, who testified that he did not see the boys playing on the plank before he went over, but that while he was there he saw one other boy cross to the other building

and come back on the plank. The only evidence in the record as to children being in the building prior to the accident is that of plaintiff, who testified that he saw other children playing in the building on the Monday before the accident, at which time the plank was down; of Ralph Zahmen, who testified that he had played in the building before but did not remember when; and of Olga Radsch, the grandmother of plaintiff, who testified that she noticed children playing in the building during the same week but had not at any time seen any of them on the plank. She testified that she saw plaintiff at the building before the day of the accident. In this statement she was contradicted by plaintiff. There is no evidence that defendant or any of his agents or servants at any time knew that boys played in the building. At the time of the accident there were three men working on the buildings, but none of them were in the same building with the boys. The open door of the building was not a dangerous instrumentality. There was nothing inherently dangerous in the plank. The evidence shows that its use was such as is common in like building operations. The plank did not break. The boy did not fall by reason of any defect in the plank or by reason of its being insecurely fastened. The proximate cause of his falling was his bumping his head. The instruction complained of is based upon facts not alleged in the declaration and upon facts not in evidence in the case, and its giving was prejudicial and reversible error.

The judgments of the superior and Appellate Courts are reversed and the cause is remanded to the superior court.

*Reversed and remanded.*