**PETERS et al. v. TOWN OF RUSTON.** *

No. 5208.

Court of Appeal of Louisiana.
Second Circuit.

April 30, 1936.

John E. Warren, of Ruston, for appellants.

Barksdale, Warren & Barksdale, of Ruston, for appellee.

HAMITER, Judge.

Plaintiffs seek judgment herein against the town of Ruston for damages on account of the drowning of their two minor daughters.

The original petition and the several supplemental petitions allege the following: Defendant purchased and is the owner of a sixty-acre wooded tract of land, located outside of its corporate limits, which is divided into two parcels by a public graveled highway. Situated on one of these parcels is an artificial lake, visible from the road, that was created and filled with water by reason of the erection and construction of a dam altering certain water courses. There is no fence between the lake and the road. The body of water is shallow at and near its banks, and attains a depth in places estimated to be fifteen feet. Some logs float on its surface. No warning signs of any nature were posted thereabout, nor were any guards stationed there. The depth of the water and the presence of the logs were, according to the petition, known to the officials of the defendant. Alongside the highway was a large sign containing the words, "Woodland Park."

On the afternoon of June 15, 1934, plaintiffs' children, Bernice and Mary Frances Peters, aged thirteen and sixteen years, respectively, together with other colored girls, left the graveled highway and strolled through the woods to the water's edge at the southeast branch of the lake. They began wading in the shallow edges. Later, four of them grasped a floating log which began carrying them beyond wading depth. One was saved by a companion seizing her hair. The log thereafter turned, throwing the remaining three girls, including plaintiffs' children, into deep water. Being unable to swim, they were drowned.

The body of water is located a distance equivalent to about four city blocks from the church attended by plaintiffs and their children. The church faces the graveled highway and is approximately eight blocks from the residence of plaintiffs.

The petition further alleges that defendant exercised no governmental authority over the property, but that in its capacity as the corporate owner, it exercised legal proprietary acts of ownership and possession of the tract and the lake situated there-

*Rehearing denied June 2, 1936.

on. It is not shown that any charge or admission fee was required for entrance to the property, or that the lake was being operated as a part of or in conjunction with a utility or other private or proprietary function.

Plaintiffs' case is obviously founded on the attractive nuisance doctrine. The petition recites: "It was a most attractive and convenient cool place during the excessively hot weather last June, and was just near enough to the home and church of petitioners' children, and other children, as to prove a most attractive, inviting, deceitful and dangerous public nuisance to children, particularly the extreme southeast branch. Here the water deceitfully appeared shallow, and furthermore, some logs were floating around therein, which deceitfully suggested a safe refuge should one get in deep water."

The elements of negligence charged to defendant are: "That the town was negligent and lacking in due or ordinary care and precaution in constructing the dam, permitting the water to accumulate to dangerous depths, in permitting floating logs in the water, and in not providing signs showing danger and the depth of the water, and in not having a guard or employee present or warning their children."

Defendant excepted to the petition in its amended and supplemented form on the ground that it disclosed no cause or right of action.

The exception of no cause of action was sustained, resulting in a dismissal of the suit with cost, and plaintiffs have appealed.

The following contentions are made and urged in support of the exception:

1. Facts are not alleged which would establish that the town of Ruston was acting in its private proprietary capacity, rather than in its governmental capacity.

2. No facts are alleged showing whether the children were invitees, trespassers, or licensees.

3. The attractive nuisance doctrine is not applicable under the alleged facts.

We shall begin this discussion with a consideration of defendant's last contention.

The doctrine sought to be invoked by plaintiffs had its beginning in an English case in which a person who left his horse and cart unattended on a public street was held liable for an injury received by a child seven years of age while playing on the cart. Lynch v. Nurdin, 1 Q.B. 29, 41 E.

C.L. 422, 113 Reprint, 1041. In the United States it is designated the "turntable" doctrine or the doctrine of the "turntable cases," inasmuch as the leading American case on the subject (Sioux City & P. Ry. Co. v. Stout, 17 Wall. 657, 21 L.Ed. 745) involved an injury received by a child of tender years while playing with other children on a railroad turntable. 45 Corpus Juris, 759.

The rule applies only to property, conditions, appliances, or instrumentalities which are per se of a dangerous nature with respect to children of tender age, or of such character that children of that age who are attracted to them can create danger to themselves therefrom with resultant injuries. 45 Corpus Juris, 763. While the thing or condition must be both attractive and dangerous to children, it cannot be correctly said that all dangerous agencies and conditions which attract children amount in law to attractive nuisances. There are innumerable things and conditions ordinarily in existence which are both attractive and dangerous, and to hold that all of them constitute implied invitations for children to use and enjoy would be contrary to reason, and would require of property owners such vigilance and care as would depreciate the value of property and seriously handicap business. Accordingly, it is generally held that for the rule to be applicable, the condition or agency must be of an unusual nature and character so as to render it peculiarly attractive and alluring to children. 45 Corpus Juris, 765.

Furthermore, the doctrine is applied only in cases where children are too young to understand and appreciate danger. Although no definite age has been fixed at which a child ceases to come under the operation of the rule, most of the cases of this country in which it has been applied have concerned children of less than ten years of age. 45 Corpus Juris, 771.

With reference to the applicability of the doctrine to bodies of water, it is stated in 20 Ruling Case Law, § 85:

"Ponds, pools, lakes, streams, and other waters embody perils that are deemed to be obvious to children of the tenderest years; and as a general proposition no liability attaches to the proprietor by reason of death resulting therefrom to children who have come upon the land to bathe, skate, or play. * * *

"Although, a property owner may know of the habit of children to visit waters upon his premises, he is as a rule under no obligation to erect barriers or take other

measures to prevent them being injured thereby."

In the case of McKenna v. City of Shreveport, 16 La.App. 234, 133 So. 524, 526, we held that the doctrine was not applicable to the drowning of an average child of ten years in a pond of water, located within the corporate limits of the city of Shreveport, which had been created by reason of the formation of a dam at a point where there was a depression. In the opinion, we said: "The weight of authority, however, is that the turntable or 'attractive nuisance' doctrine does not apply to a pond unless there is some unusual condition or artificial feature other than the mere water and its location, rendering the place peculiarly dangerous to children. The doctrine does not apply to objects attractive and dangerous to children unless the danger be unknown, concealed, or hidden."

It was held in the case of Robbins v. City of Omaha, 100 Neb. 439, 160 N.W. 749, that no cause of action against a city was stated in a petition alleging that the city had constructed upon certain undeveloped park lands a pond over six feet deep, and negligently permitted and suffered many children to use said pond, and a raft thereon, without any protection against accidents to children, and without any life-saving devices or means of providing for rescue, and that plaintiffs' nine year old son, while playing on the raft, fell into the pond and was drowned.

The court, in Barnhart v. Chicago, M. & St. P. Ry. Co., 89 Wash. 304, 154 P. 441, L.R.A.1916D, 443, held that a pond formed by surface water impounded by a fill for a railroad, deep enough to drown a child, and about which children were accustomed to play, and upon which they had constructed a raft, was not an agency so likely to result in injury to those attracted to it as to render the railroad company liable for the drowning of an eight year old boy on the theory that it was an attractive nuisance.

Considering the ages of the children in the case at bar, the distance of the lake from their home, that it was not of an unusual nature, that it was located outside of the corporate limits of the town of Ruston, that they were not required to pay any charge or fee for entering the premises, and that there appears to have been no unknown, hidden, or concealed dangers connected with the place of drowning, we conclude that the attractive nuisance or "turntable" doctrine is not here applicable. The fact that logs floated on the surface of the water and that the deaths are attributable to the turning of one of them which the girls had grasped, has no legal significance in so far as this case is concerned. It can be assumed that children of the ages that the deceased enjoyed appreciate and know the dangers attending the seizing of logs which are floating on bodies of water.

We, therefore, hold that defendant cannot be deemed to have been negligent as a matter of law in constructing and maintaining the dam, together with the resultant lake, in allowing the existence of logs thereon, in not posting warning signs and in having it unfenced, and in its failure to maintain guards there.

In view of the above conclusions, and as the success of plaintiffs' suit is dependent upon the afore discussed doctrine being applicable, it is needless for us to review the other contentions of defendant in support of its exception.

For the reasons herein given, the judgment of the trial court is affirmed.