123 So.2d 774 (1960)
Beauford V. BEASLEY et al., Plaintiff-Appellant,
v.
Joseph S. GUERRIERO et al., Defendant-Appellees.
No. 9292.
Court of Appeal of Louisiana, Second Circuit.
October 27, 1960.
*775 Charles A. Traylor, II, West Monroe, for appellant.
Theus, Grisham, Davis, Leigh & Brown, Monroe, for Charles Bruscato.
George Fink, Monroe, for appellees.
BOLIN, Judge.
Invoking the attractive nuisance doctrine, the plaintiffs sued to recover damages for the death of their three-year-old daughter, and for the serious injury to a six-year-old daughter, by suffocation in a refrigerator located within a house that was owned by the defendant, Joseph S. Guerriero. Liability was sought against the other defendant on the basis of his employment by the owner to make certain repairs to the premises; it being alleged that he had joint control at the time of the accident, and thereby became a joint tort-feasor. From a ruling by the trial court sustaining an exception of no cause of action against the plaintiffs they have perfected this appeal.
Inasmuch as we must decide whether or not the judgment sustaining the exception was correct, it necessarily follows that our statement of facts will be based upon the allegations taken from the plaintiffs' petition.
Plaintiffs alleged that the two small children lived near the property in question; and that on the afternoon of the fatal accident, they wandered away from their maid and stopped on the premises in order to play in the tall clover, catch bees, and play under the carport; that finding the house unlocked, they entered therein to play, and became fascinated with a large empty refrigerator located therein, and entered same and became trapped by the automatic locking door. These children apparently remained in the locked refrigerator until they were found some time later by another child. After removing the two children from the refrigerator, it was possible to revive the older girl, but the three-year-old girl, Brenda Dawn Beasley, was dead upon arrival at the local hospital.
The plaintiffs set forth that the house was located in a neighborhood where there were living many small children; that the presence of such children was well known to the defendants, and that these children played on the lawn, carport and the entirety of the premises in question. The plaintiffs further alleged that the shelves had been removed from the refrigerator, and that it thereby constituted a death trap for children who might enter therein; that the house wherein the refrigerator was located was vacant and unoccupied, and that the defendants were grossly negligent in failing to keep the premises locked at all times; that same was unlocked on the day of the fatal accident, and had been for several days prior thereto.
The basis of the plaintiffs' contentions that their petition sets forth a cause of action may be summarized by the following quotation of paragraph nineteen:
"That the defendants maintained an attractive nuisance in the following respects:
"1. By failing to keep the law cut and by allowing clover to become very tall thus constituting an attractive area for children to play in and to catch bees.
"2. By allowing the carport of the house to be used as a play area for the children in which they could conveniently ride and play with their toys.

*776 "3. By allowing to remain unlocked the house and all the furnishings therein which was most alluring to the small children.
"4. By maintaining the dangerous empty refrigerator with the shelves removed which was itself an attractive place to the small children and one which invited them to enter."
Counsel for the plaintiffs, in his brief before us, contends that an exception of no cause of action can only be sustained when all of the well-pleaded facts, taken as true, do not state a cause of action. In connection with this cardinal principle of law, he cited us to the following cases: Peoples State Bank v. St. Landry State Bank, 1898, 50 La.Ann. 528, 24 So. 14; Lusco v. McNeese, La.App.1956, 86 So.2d 226.
This court certainly has no quarrel with the principle above enunciated, because same has been recognized and reaffirmed by our courts on occasions too frequent to enumerate. As a matter of fact, this Court, in the case of O'Bier v. Manufacturers Casualty Co., La.App.1956, 70 So.2d 220, in considering an attractive nuisance case which was before it on the lower court's sustaining an exception of no cause of action, recognized this principle of law when it stated on page 222 of its opinion:
"It is only the well pleaded factual allegations of the petition which are to be accepted as the basis for consideration of the exception. Assertions, conclusions and presumptions which constitute possible bases of defense are not at issue."
We now pass to the real issue before us, and that is, whether or not the plaintiffs' petition has stated a cause of action under the attractive nuisance doctrine. In this connection, it can safely be said that there was a time, in the early jurisprudence of this state, when there was some doubt as to whether or nor Louisiana had adopted such a doctrine. However, an examination of the cases decided, by the Appellate Courts within recent years leaves no doubt that Louisiana has recognized and accepted the attractive nuisance doctrine. See Saxton v. Plum Orchards, Inc., 215 La. 378, 40 So.2d 791, 794, together with the many cases cited therein.
In the Saxton case the Supreme Court thoroughly reviewed the attractive nuisance doctrine, and we feel that the following language taken from that case is a brief, but comprehensive statement of the doctrine as it has been applied and used by our Louisiana Courts:
"With reference to the doctrine generally it is well and ably stated in 38 American Jurisprudence verbo Negligence, Section 142 that: `* * * While the doctrine has been variously stated, courts which accept it generally are in substantial accord with the proposition that one who maintains upon his premises a condition, instrumentality, machine, or other agency which is dangerous to children of tender years by reason of their inability to appreciate the peril therein, and which may reasonably be expected to attract children of tender years to the premises, is under a duty to exercise reasonable care to protect them against the dangers of the attraction. Within the limitations hereinafter considered, the doctrine is for the benefit of a meddling, as well as a trespassing, child. The result of such doctrine is that one is negligent in maintaining an agency which he knows, or reasonably should know, to be dangerous to children of tender years, at a place where he knows, or reasonably should know, children of tender years are likely to resort, or to which they are likely to be attracted by the agency, unless he exercises ordinary care for the protection of such indiscreet and youthful persons.' * * *
"In the annotation given on page 1263 of Volume 152 of the American *777 Law Reports, it is said that to make out a case under the attractive nuisance doctrine there must appear:
"`1. That the injured child was too young to understand and avoid the danger.
"`2. That there was reason to anticipate the presence of such children, either because of some attraction on the premises, or because the danger was in some place where children had a right to be.
"`3. That there was a strong likelihood of accident.
"`4. That the danger was one other than those ordinarily encountered.
"`5. That the precautions not taken were such as a reasonably prudent person would have taken under the circumstances.'"
There have been numerous other cases decided by the courts of Louisiana as to particular circumstances, and also as to whether specific instrumentalities are dangerous in themselves. For example, in the case of Peters v. Town of Ruston, La.App. 2 Cir., 1936, 167 So. 491, the court held that there were innumerable things which were both attractive and dangerous to children, but that property owners could not be held accountable as a matter of law for all injuries resulting to children from such articles, and in connection with its opinion had this to say at page 492:
"Accordingly, it is generally held that for the rule to be applicable, the condition or agency must be of an unusual nature and character so as to render it peculiarly attractive and allurring to children."
In line with the above case, we also cite the following language taken from the case of Browne v. Rosenfields, Inc., La.App. 1 Cir., 1949, 42 So.2d 885, 887:
"If everything containing some element of danger to a boy, of which a plaything possibly can be made by him, amounts to an attractive nuisance, there is almost no limit to the application of the doctrine. In order to invoke liability under the attractive nuisance doctrine, it must be shown that the instrumentality or condition relied upon to constitute the attraction was sufficient allurement as likely to attract children upon the premises, and that the instrumentality was fraught with such danger to young children as reasonably to require that precautions be taken to prevent children from coming in conflict therewith. The tendency of the courts is to exclude from the application of the attractive nuisance doctrine things not in their nature dangerous or peculiarly alluring or attractive to children, natural conditions, common or ordinary objects such as walls, fences, and gates, simple tools and appliances and conditions arising from the ordinary conduct of a business."
In the case of O'Bier v. Manufacturers Cas. Co., supra, the court was considering whether or not a kerosene flare, that was left in a public place where children usually played, was the type of instrumentality that could be used in applying the doctrine of attractive nuisance. In that case the court used the following language:
"The mere appearance and accessibility of such a provocative object must be considered an alluring plaything to a child of three."
In light of the above-stated principles of law, we now must consider the peculiar facts and circumstances of this case. Returning to the specific things which the plaintiff alleged constituted an attractive nuisance, we again refer to Article Nineteen of their petition, wherein four different things were listed: (1) Tall clover in the yard; (2) a carport where children play; (3) an unlocked house; (4) an empty refrigerator without any shelves. While we have noted with interest the zeal with which counsel for the plaintiffs has briefed *778 his cause before this court, we are unable to find that the allegations of this petition meet the requirements for the application of the attractive nuisance doctrine, as set forth in the cases analyzed above. Counsel has argued that all of the various allegations must be considered as a chain of events, rather than separately. In this contention we are in agreement, but even thus considering these allegations we find at least two necessary elements missing for the application of the doctrine.
The instrumentality that caused the unfortunate accident to the children in this case was a refrigerator. This refrigerator was an ordinary appearing object, and it was located on the inside of a fully furnished house. In other words, there was nothing about the appearance or location of this refrigerator that lured these children from their place beyond the premises and caused them to become entrapped therein. The allegations also do not justify this court in holding that these defendants had any reason to anticipate the presence of these children at the place where they were merely because the house was left unlocked.
The attractive nuisance doctrine is in derogation of the ordinary rules of negligence, and therefore should be used with caution. The extension of this doctrine to apply to the facts alleged in the plaintiffs' petition would be an unwarranted, unreasonable and dangerous extension of this doctrine. Unlocked houses have become common and ordinary things in our complex society; in these houses are hundreds of common objects such as electrical appliances, mechanical devices, medicine cabinets and too many other articles to enumerate. All of these objects located within houses could very easily cause fatalities to small children who wander therein, but we certainly cannot hold the owner liable for the untold injuries that might occur to children in these structures. If this house is held to be an attractive nuisance, merely because it was vacant and had a refrigerator located therein, then it would reasonably follow that a small child going into an unlocked house and being killed by almost any dangerous instrumentality therein would subject the owner to liability under the attractive nuisance doctrine.
It is our opinion that the judgment below sustaining the exception of no cause of action is correct, and, accordingly, it is affirmed at appellant's cost.