CHASEZ, Judge.
Plaintiff brings this action in his own right and on behalf of his minor son, Steven Martin (who was S years of age at time of the accident) for damages sustained as a result of an accident on February 18, 1962. The trial court rendered judgment for plaintiff in the amount of $215.00 for medical expenses and $750.00 for pain and suffering on behalf of the minor child. The facts of the case are as follows:
In February of 1962, the defendant, a general contracting firm, was constructing a house at 3234 Pitari Place. On February 18, 1962, plaintiff’s child, Steven Martin, ventured on the property with other children of the neighborhood. The house frame had been completed and “black board” installed on the frame. The openings for the doors and windows had been cut but the windows and doors had not been installed. The house was being built on a concrete slab, and the windows were about 36 to 44 inches above ground level.
A young child, David Cardone, (incorrectly referred to as David Gladys in the transcript) 10 years old at the time of trial, testified as to the occurrence of the accident. Pie stated that the children had entered the house through a crack in the “black board.” According to this young man, Steven Martin climbed up on a window sill and fell outside of the house, then rolled down an incline.
Mrs. Neomi Gladys, mother of David Cardone, also testified. She stated that on the day of the accident she heard a child cry out. She went into the house under construction and found young Steven Martin lying on the floor in the middle of the structure. She stated that she carried the child outside, laid him on the ground and sent for his mother, Mrs. Martin. She stated emphatically that the child was in *182 side the house when she found him. The testimony of the two above witnesses is in irreconcilable conflict. We, however, believe that the child fell while climbing on the window sill and whether he fell inside or outside is irrelevant for the purpose of this decision.
Plaintiff bases his whole case on the doctrine of attractive nuisance. He contends that a house under construction in a residential neighborhood should be considered an attractive nuisance. The defense contends that the doctrine of attractive nuisance is to be applied with great caution and only when the injury was occasioned through a dangerous or unusually hazardous instrumentality or condition.
There is no doubt that the doctrine of attractive nuisance has been accepted by the courts of this state. Saxton v. Plum Orchards, 215 La. 378, 40 So.2d 791 (1949). It is likewise settled that an object is not an attractive nuisance unless there is present in it some latent characteristic which amounts to a hidden or unknown trap to ensnare a child who is too young and immature to appreciate and understand the danger. Juhas v. American Casualty Company of Reading, Pa., 140 So.2d 676 (La.App.1962); Saxton v. Plum Orchards supra; Genovese v. New Orleans Public Service, 45 So.2d 642 (La.App.1950) and cases therein cited; Browne v. Rosenfield’s, Inc., 42 So.2d 885 (La.App.1949). It has also been stated that the attractive nuisance doctrine is in derogation of the ordinary rules of negligence and, therefore, should be applied with great caution. Beasley v. Guerriero, 123 So.2d 774, 86 A.L.R.2d 703 (La.App.1960). In Peters v. Town of Ruston, 167 So. 491 (La.App.1936), it was stated:
“ * * * While the thing or condition must be both attractive and dangerous to children, it cannot be correctly said that all dangerous agencies and conditions which attract children amount in law to attractive nuisances. There are innumerable things and conditions ordinarily in existence which are both attractive and dangerous, and to hold that all of them constitute implied invitations for children to use and enjoj"- would be contrary to reason, and would require of property owners such vigilance and care as would depreciate the value of property and seriously handicap business. * * *»
The question in this case is, under the circumstances, was the house under construction a dangerous instrumentality which would come within the purview of the attractive nuisance doctrine allowing plaintiff to recover? We have not been able to find a similar case in the Louisiana jurisprudence. However, an analogous case is Beasley v. Guerriero, supra. In that case the attractive nuisance doctrine was sought to be invoked where two children entered into an unlocked, vacant house which had the furniture remaining in it. While in the house they trapped themselves in an empty refrigerator, thereby suffocating one of them. The court in that case held that the refrigerator was an ordinary appearing object and located on the inside of a fully furnished house. The court stated that the extension of the attractive nuisance doctrine to the facts of that case would be “ * * * an unwarranted, unreasonable and dangerous extension of this doctrine.” The court stated that “ * * * Unlocked houses have become common' and ordinary things in our complex society; in these houses are hundreds of common objects such as electrical appliances, mechanical devices, medicine cabinets and too many other articles to enumerate, * * * ” which could be dangerous to the children. The court held that a vacant house should not be considered an attractive nuisance.
We, likewise, feel that the house under construction in this case does not justify the application of the attractive nuisance doctrine. It has been held in other jurisdictions that children injured in or around places under construction cannot *183 recover from the owner or builder under the attractive nuisance doctrine. See Loftus v. Dehail, 133 Cal. 214, 65 P. 379 (1901); Camp v. Peel, 33 Cal.App.2d 612, 92 P.2d 428 (1939); Puchta v. Rothman, 99 Cal.App.2d 285, 221 P.2d 744 (1950). It has been further held that the particular condition or instrumentality which caused the injury is not within the class of conditions or instrumentalities which should be classified as attractive nuisances. See Camp v. Peel, supra, (injury due to lime putty left in building under construction); Latta v. Brooks, 293 Ky. 346, 169 S.W.2d 7 (1943) (injury due to lime likewise left around construction); Darsch v. Brown, 332 Ill. 592, 164 N.E. 177 (1928); Brennan v. Kaw Constr. Co., 176 Kan. 465, 271 P.2d 253 (1954), (child injured when fell off of roof of building under construction) ; State to Use of Lease v. Bealmear, 149 Md. 10, 130 A. 66 (1925), (child died as result of fall from board connecting two buildings under construction); Neal v. Home Builders, Inc., 232 Ind. 160, 111 N.E.2d 280, 713 (1953), Ann. 44 A.L.R.2d 1253 (1955).
In Darsch v. Brown, supra, a similar fact situation to the one at bar is presented. A group of bungalows were being constructed next to each other. The walls were up, the roofs were on and the floors laid; but the doors and windows were not in place. There were no barriers against intrusion. A young child, seven years old, climbed into the front door of one bungalow and up in the attic, by using a ladder, to meet another group of children. During a game of tag, the child attempted to cross to an adjoining bungalow, also under construction, on a connecting plank. While doing so he hit his head against the attic window and fell to the ground. The court inter alia held that there was nothing inherently dangerous in the plank and that the evidence showed that such planking was commonly used in construction of buildings. They stated that the proximate cause of plaintiff’s fall was the bump on the head. We think that the case at bar is similar. In this case, the young child, Steven Martin, fell to the ground, or to the concrete inside the house, from the window sill while climbing thereon. As was pointed out in the Juhas case, the child could have fallen from a picnic bench. The window sill was obviously not inherently dangerous and the proximate cause of the injury herein was the child falling to the ground. This accident could have just as well happened at a park, or, for that matter, in the child’s own home. Since the object on which the injury occurred was not inherently dangerous, we can not apply the attractive nuisance doctrine. Further, the record does not disclose that defendants were in any manner guilty of negligence. Therefore, plaintiff’s demand will have to be rejected.
The judgment of the trial court is reversed and judgment is rendered herein in favor of defendants, Sessum Service Corporation and The Fidelity and Casualty Company of New York, and against plaintiff, Edward Martin, individually, and for and on behalf of his minor son, Steven Martin, dismissing the suit of plaintiff. All costs to be paid by plaintiff.
Reversed and dismissed.