179 So.2d 490 (1965)
Orville STANLEY, Plaintiff-Appellant,
v.
MISSOURI PACIFIC RAILROAD COMPANY, Defendant-Appellee.
No. 1533.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1965.
Rehearing Denied November 23, 1965.
*491 Edward K. Alexander, DeQuincy, for plaintiff-appellant.
Kaufman, Anderson, Leithead, Scott & Boudreau, by Everett R. Scott, Jr., Lake Charles, for defendant-appellee.
Before TATE, SAVOY, and HOOD, JJ.
TATE, Judge.
The plaintiff father sues for his little boy's personal injuries. He appeals from the suit's dismissal upon an exception of no cause of action.
The plaintiff's son was injured allegedly because of the defendant railroad's tortious conduct in maintaining a condition of its railroad yard hazardous to children of the neighborhood. In short, the thrust of the petition is that the defendant railroad is liable for the little boy's injuries under the "attractive nuisance" doctrine. The trial court found that, construing the allegations of the petition most favorably to the plaintiffs, nevertheless the petition disclosed no basis upon which the railroad could be held liable.
The principal issue raised on appeal is the trial court's alleged error in dismissing this suit on the pleadings upon an exception of no cause of action, without a trial on the merits. In trying such an exception, of course, the allegations of the petition must be construed most favorably to the plaintiff's cause of action, and the exception must be overruled unless the allegations exclude every possible hypothesis of admissible facts other than those negativing the plaintiff's right to recover. Babineaux v. Southeastern Drilling Corp., La.App. 3 Cir., 170 So.2d 518, 531, and cases there cited.
According to the petition: The plaintiff's six-year-old boy fell and hurt himself while climbing the ladder of a freight car. The freight car was parked in the defendant's railroad yard immediately across the street from the plaintiff's home. Further, the parked railroad cars "were extremely attractive to young children, having ladders on the sides of the cars"; they were placed in a residential area where many small children played; and the railroad company was aware of both of these circumstances.
As a basis of the defendant railroad's liability, the plaintiff alleges that, although the defendant knew of the attractiveness and danger of these parked railroad cars to the many children known to play nearby, the railroad nevertheless did not fence its yard nor warn against or otherwise attempt to lessen the hazard to the children of the neighborhood.
The basis of liability under the so-called "attractive nuisance" doctrine is the maintaining of a condition upon premises where children are likely to trespass which creates an unreasonable risk of serious bodily harm to such children. Saxton v. Plum Orchards, 215 La. 378, 40 So. 2d 791; Slaughter v. Gravity Drainage District, La.App. 3 Cir., 145 So.2d 50; Holland v. Vidrine, La.App. 3 Cir., 133 So.2d 809; Note, Occupier's Liability to Trespassing Children, 21 La.L.Rev. 853 (1961). See also: Prosser on Torts (3d ed., 1964), Section 59, pp. 372-385; Restatement of Torts 2d (1965), Section 339. However, the degree of the danger to children must be balanced against the condition's social utility, the duty not to create a foreseeable risk to children being balanced with the social interest in favor of an owner's legitimate use of his own land. See authorities above cited and also Beasley v. Guerriero, La.App. 2 Cir., 123 So.2d 774.
*492 Whether any particular condition is a basis of liability under the attractive nuisance doctrine ordinarily cannot be determined until after an examination of the facts in each case, whereby the degree and nature of the risk created to children and its foreseeability may be evaluated as unreasonable or not in the light of all the surrounding circumstances. For this reason, ordinarily an exception of no cause of action may not be maintained to a suit alleging liability on this basis. Slaughter v. Gravity Drainage District, La.App. 3 Cir., 160 So.2d 762 (second suit); Burris v. City of New Orleans, La.App.Orl., 86 So. 2d 549; O'Bier v. Manufacturers Cas. Co., La.App. 2 Cir., 70 So.2d 220.
However, in several instances such exceptions have been maintained when the courts have concluded that as a matter of law the condition complained of cannot be considered an attractive nuisance under the allegations of the petition. Slaughter v. Gravity Drainage District, La.App. 1 Cir., 145 So.2d 50 (first suit); Beasley v. Guerriero, La.App. 2 Cir., 123 So.2d 774; Browne v. Rosenfeld's, La.App. 1 Cir., 42 So.2d 885. In our opinion, in dismissing this suit upon the exception, the trial court correctly concluded the present to be such an instance.
According to the suit's petition, the plaintiff's six-year-old son fell while climbing the side-ladder of a freight car parked near his home. The basis of the alleged liability of the railroad is its failure to fence or otherwise inhibit access of neighborhood children to the freight car, knowing that they might attempt to climb the ladder and might perhaps fall from it while so doing.
In view (a) of the social utility of the railroad's conduct, (b) the relative difficulty of safeguarding standing railroad vehicles from climbing children, and (c) the comparatively slight danger to children ordinarily occasioned thereby, a railroad is not liable when children are injured upon a freight or other train car simply because the company left it unattended and should reasonably have been aware of the presence of children in the vicinity who might climb upon it. Dugan v. Pennsylvania Railroad Co., 387 Pa. 25, 127 A.2d 343 (1956); Harris v. Winston-Salem Southbound Ry. Co., 220 N.C. 698, 18 S.E.2d 204 (1942); Smith v. Hines, 212 Ky. 30, 278 S.W. 142, 45 A.L.R. 980 (1925); Annotation, Standing railroad car * * * as attractive nuisance, 152 A.L.R. 1263. Likewise, an owner is not liable for injuries to children who jump or fall from a nondefective stationary object simply because children might be expected to climb upon it, when the object is lawfully located for an appropriate and useful purpose. Berwert v. Atchison, Topeka and S. F. Ry. Co., Mo., 289 S.W.2d 112 (1956); McHugh v. Reading Co., 346 Pa. 266, 30 A.2d 122, 145 A.L. R. 319 (1943); Smith v. Hines, cited above (railroad car); Annotation, Liability, under attractive nuisance doctrine or related principle, for injury to children jumping or falling, 145 A.L.R. 322.
In the cited annotation at 152 A.L.R. 1263, Section III, p. 1268, decisions are discussed where carriers were held liable for injuries sustained by children in connection with unattended railroad vehicles where the injuries resulted from accompanying hazards which a trespassing child might not reasonably appreciate (such as a latent defect), or where the vehicle possessed a hazardous feature in addition to the circumstance that children might climb upon it (such as a brake that might be released or a motor which might be activated), or where the standing cars upon which the children climbed were bumped or moved without adequate safeguard for the children whose presence should have been anticipated. The decisions relied upon by the appellant's able counsel fall within these categories: Kentucky Utilities Co. v. Hodges, 301 Ky. 252, 191 S.W.2d 410 (1945) (exposed electric wire); Kressine v. Janesville Tractor Co., 175 Wis. 192, 184 N.W. 777 (1921) (a *493 child was crushed when an unattended streetcar was activated into moving)[1].
No such basis of liability is here involved. The only hazard allegedly maintained was that a child might fall as he climbed upon the parked freight car. Under the uniform jurisprudence such a possibility by itself does not create so unreasonable a risk of injury as to impose a duty to inhibit children's access to the otherwise undangerous climbable object. See above cited annotations at 152 A.L.R. 1263 and 145 A.L.R. 322; see also, Annotation, Trespassing childduty to protect by fencing, etc., 39 A.L.R.2d 1452. Cf., Martin v. Session Services Corp., La.App. 4 Cir., 174 So. 2d 180.
This court has held that a petition seeking recovery upon an attractive nuisance theory may be dismissed upon an exception of no cause of action if the sociallyuseful hazard alleged does not ordinarily justify the imposition of liability, unless the petition affirmatively discloses any peculiar or unusual circumstances by reason of which there is liability despite the ordinary rule. Slaughter v. Gravity Drainage District, La.App. 3 Cir., 145 So.2d 50.[2] Under such ruling, the trial court here correctly dismissed the petition as failing to state a cause of action, since under the jurisprudence the hazard alleged does not constitute an "attractive nuisance" by reason of which a premise-owner is liable for a child injured thereby.
Before concluding, we should note that we several times referred to the so-called "attractive nuisance" doctrine for the sake of convenience, since the appeal was briefed and argued with reference to such nomenclature. However, modern scholars point out with virtual unanimity that, strictly speaking, the basis of liability is neither "nuisance" nor an "attraction", but simply negligence, i. e., the maintenance on the premises of a foreseeable and unreasonable hazard to children whose presence should be anticipated. 2 Harper & James, The Law of Torts (1956), Section 27.5; Prosser on Torts (3d ed., 1964), Section 59; Restatement of Torts 2d (1965), Section 339. See also Slaughter v. Gravity Drainage District, La.App. 3 Cir., 145 So.2d 50. We did not intend to infer otherwise by utilizing in this opinion the misnomer of "attractive nuisance" in referring to the basis of alleged liability.
For the reasons assigned, the judgment of the trial court is affirmed at the cost of the plaintiff-appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] The actual holding of this case, however, was that the company was not liable because the motorman had taken adequate precautions against children ordinarily being able to start the vehicle.
[2] The writer dissented. He is still not fully convinced that the majority is correct when the petition does not negative the peculiar circumstances; but a majority is a majority, and the writer accedes to it for the present.