ELLIS, Judge.
Gordon J. Louviere brought this suit individually and as the natural tutor of his minor son, Lance Louviere, to recover on his own behalf medical expenses and on behalf of his son damages for bodily injuries. Made defendants were Great American Corporation, the owner of a certain tract of land in Baton Rouge known as Stanford Place Subdivision, and W. O. Bergeron, d/b/a W. O Bergeron Construction Company, the contractor of Great American Corporation as to the streets, curbs, gutters, drainage and sewers in said subdivision. American Surety Company of New York is the liability insurer of W. O. Bergeron Construction Company. The trial judge dismissed plaintiffs suit and this appeal followed.
The accident giving rise to this litigation occurred on August 2, 1963, at which time Lance Louviere was nine and one-half years of age. He and his companion, Bob Jolly, rode their bicycles to a point on the south side of Floyd Drive between Ross and Stephens Avenues. There, approximately two to three feet from the edge of the sidewalk, the terrain breaks off into a steep decline forming a ravine, the total depth of which is approximately twelve feet. About half of this depth is concealed by bushes and undergrowth but the ravine itself is clearly visible from the street. Approximately four feet past the top edge of the ravine stands a fair-sized tree which, at the time of the accident, supported a two and one-half inch diameter vine. The vine has been severed as the bottom and thus swings freely.
On this occasion Lance and his friend, Bob, had gone to this site in order to swing out on the vine over the ravine and back again to the top of the ravine. They had been doing this for several weeks without incident. The testimony of the boys establishes that it was necessary to leave the sidewalk, walk down into the ravine, and thereby secure the end of the vine. The vine, therefore, was not within reach *768 of the sidewalk itself, though it was clearly visible for approximately fifty feet.
After swinging several times on the vine on this occasion the boys decided they would jump from the edge of the ravine, grab onto the vine in mid-air, swing out and back. Bob Jolly actually accomplished this but Lance lost his grip on the vine during this operation and fell, breaking his arm.
Plaintiff attempts recovery under these facts on the theory that the vine, considering its location with reference to the ravine, constituted an attractive nuisance to children and that, accordingly, the landowner and contractor breached their duties to children known to be in the neighborhood. Recovery is opposed by the defendants on the dual ground that the doctrine of attractive nuisance is inapplicable and that Lance was contributorily negligent.
In denying recovery the trial judge relied on both of these arguments and we believe properly so.
The doctrine of attractive nuisance has been accepted in Louisiana and has been well discussed in several- Louisiana cases. See Saxton v. Plum Orchards, 215 La. 378, 40 So.2d 791; Watts v. Murray, La.App., 43 So.2d 303; Martin v. Sessum Service Corporation, La.App., 174 So.2d 180.
In all of these cases as well as others, the courts of this state have held that the doctrine of attractive nuisance does not apply unless the danger to the child is unknown, concealed, or hidden from him. In the Martin case the Fourth Circuit expressed it as follows:
“It is likewise settled that an object is not an attractive nuisance unless there is present in it some latent characteristic which amounts to a hidden or unknown trap to ensnare a child who is too young and immature to appreciate and understand the danger.”
We find nothing inherently dangerous in a hanging vine. Counsel for plaintiff admits in brief that ropes are found in playgrounds to be used by children in the same manner that the vine was here used. Counsel says in brief that:
“Admittedly, a rope or strong vine hanging from a tree is not dangerous per se to children. It is the surroundings that make such an attractive contrivance dangerous to children.”
The surrounding complained of is the ravine. However, the ravine itself was not camouflaged or concealed, though it was somewhat deeper than a casual observation might indicate. The vine in the instant case did not cause the accident. Nor was the ravine the fault. The fall was caused by the fact that Lance Louviere lost his grip on the vine and fell. We can find nothing inherently dangerous in a ravine so long as its existence is not hidden or concealed.
Consequently the doctrine of attractive nuisance finds no applicability to the facts before this court.
 Closely tied to a determination of whether or not the doctrine of attractive nuisance is applicable is a determination of whether or not the plaintiff was contrib-utorily negligent, for an awareness of the danger must be lacking in the first but must be present in the second. Lance testified that at the time of the accident he was in the fifth grade, that he liked to build gas model airplanes and cars and had been doing so since he was six or seven. He stated that he had fallen from his bicycle and from trees and that he had been scratched on those occasions but he did not know that he could fall from a vine and get hurt. The evidence indicates that Lance and his friend, Bob, some time previous to the date of the accident, had broken several feet off the bottom of the vine for the reason that it was cracked and they did not want to risk falling. Lance himself testified that “I didn’t think you could get *769 hurt that had, I think you would just land on your feet.”
The trial court was convinced as we are that Lance, at the time of the accident, had the ability to appreciate the danger of falling into the ravine and that he knew or should have known that if he did fall he would sustain some injury. The fact that he believed he would probably sustain an injury less seriously than he actually sustained is no excuse and only serves to show that he conducted himself in complete disregard to his own safety.
Affirmed.