BLANCHE, Judge.
The plaintiff’s petition alleges that certain conduct of her husband toward her constitutes cruel treatment of such a nature as to render their living together insupportable. The defendant filed an exception of no cause of action which in effect states that assuming all of the allegations of plaintiff’s petition are true, the conduct complained of does not amount to cruel treatment and at most are allegations of incompatibility between the parties which do not constitute grounds for separation under our law. Cruel treatment in any form that renders married parties living together insupportable is a legal ground for judicial separation in favor of the mistreated one. Mudd v. Mudd, 206 La. 1055, 20 So.2d 311 (1944); McCarty v. Stelly, 145 La. 456, 82 So. 411 (1919); Dejoie v. Dejoie, 224 La. 611, 70 So.2d 398 (1954); Lee v. Lee, 145 So.2d 618 (La.App.4th Cir.1962).
Article 138 of the Civil Code provides that a separation of bed and board may be claimed reciprocally for the following causes:
“On account of habitual intemperance of one of the married persons, or excesses, cruel treatment, or outrages of one of them towards the other, if such habitual intemperance, or such ill-treatment is of such a nature as to render their living together insupportable *
We have purposefully omitted any reference to the allegations of cruel treatment. They are insensitive accusations concerning the parties most personal relationships, and in deference to the parties we see no useful purpose in reiterating them here. It suffices to say that whether or not they are of such a nature as to entitle plaintiff to a separation can only be determined after a trial on the merits.
*783 Though the plaintiff’s case may be impossible of proof, the trial judge was in error in sustaining the exception when the petition stated a cause of action in law which would entitle her to the redress sought. Louisiana State Board of Medical Examiners v. England, 252 La. 1000, 215 So.2d 640 (1968), expresses the nature of the exception as follows:
“The exception of no cause of action concedes (for the purposes of its trial) the correctness of the well-pleaded, allegations of fact and tenders the issue that on the face of the petition no case is presented entitling the mover, in law, to the redress sought. Kird v. New Orleans & N. W. Ry., 105 La. 226, 29 So. 729 (1901); McMahon, The Exception of No Cause of Action in Louisiana, 9 Tul.L.Rev. 17 (1934). It is the sufficiency in law of the petition or motion which is put at issue by the exception. Spiers v. Davidson, 233 La. 239, 96 So.2d 502 (1957); Ane v. Ane, 225 La. 222, 72 So.2d 485 (1954).”
The Court should only sustain the exception when all of the well-pleaded facts, taken as true, do not state a cause of action. Beasley v. Guerriero, 123 So. 2d 774, 86 A.L.R.2d 703 (La.App.2d Cir. 1960). The petition should be construed most favorably to plaintiff’s cause of action and not dismissed unless the allegations exclude every possible hypothesis of admissible facts other than those negativing plaintiff’s right to recover. Stanley v. Missouri Pacific Railway Company, 179 So.2d 490 (La.App.3rd Cir. 1965); Blanchard v. Employers Liability Assurance Corporation, 197 So.2d 386 (La.App.2d Cir. 1967).
For the above and foregoing reasons, the judgment of The Family Court is reversed and the case remanded for trial on the merits. The cost of this appeal is to be borne by the defendant-appellee; all other costs are to await a final determination on the merits.
Reversed and remanded.