ON MOTION FOR REHEARING
BARRY, Judge.
On review I fail to find manifest error to justify reversal of the District Court judgment.
If the rationale expressed in Krauss v. Krauss, 163 La. 218, 111 So. 683, 685 (1927) is appropriate here, as stated in the opinion, then the following language in Krauss would be an appropriate basis to hold the wife at fault:
“We must hold therefore that any unjustifiable conduct on the part of either husband or wife which so grievously wounds the mental feelings of the other, or such as in any other manner utterly destroys the legitimate ends and objects of matrimony, constitutes cruelty, although no physical or personal violence may be inflicted or threatened.”
Therefore, in order to reverse the District Court, we must find manifest error in its determination that the wife’s religious zealousness was not unjustifiable conduct sufficient to constitute cruelty.
Certainly, there should be no question that religious zealousness can be considered fault under appropriate facts. “Cruel treatment in any form that renders married persons living together insupportable is a legal ground for judicial separation in favor of the mistreated one.” Chopin v. Chopin, 234 So.2d 781 (La.App. 1st Cir. 1970); Krauss v. Krauss, supra.
In his reasons for judgment the District Judge found the wife at fault and stated: “Her change in life-style (intense commitment to religion) was a contributing factor in the ultimate deterioration of this marriage”. Without a finding of manifest error the judgment of the District Court should be affirmed and the rehearing should be granted.